[No. 21967. Department Two. April 17, 1930.]

THE STATE OF WASHINGTON, *Respondent*, v. STEVE JELLOVICH *et al., Appellants.*[1]

*Robertson & Paine,* for appellants.

*Chas. W. Greenough, Louis F. Bunge,* and *Ralph E. Foley,* for respondent.

MAIN, J.—Steve Jellovich and Mike Jellovich were charged by information with unlawfully conducting and maintaining a place for the sale of intoxicating liquor. The trial resulted in a verdict of guilty as to

[1]Reported in 287 Pac. 3.

both defendants, and from the judgment and sentence they appeal.

There is no claim that the evidence was not sufficient to take the case to the jury, and the facts will only be briefly summarized. The Kellogg Cigar Store in the city of Spokane was the place that the appellants were charged with conducting and maintaining for the unlawful sale of intoxicating liquor. In connection with the cigar store, there was a soft drink counter or bar, and also a pool hall. Some time during the early part of the month of May, 1928, the sheriff of Spokane county employed C. A. Cornell and L. O. Gentry to "investigate liquor offenses." On the 24th day of that month, Cornell and Gentry with two others went to the Kellogg Cigar Store, and, as Cornell testified, none of the others being called as witnesses, they purchased from the appellants drinks of moonshine whiskey over the bar and also a pint bottle thereof. On the 30th of the same month, Cornell and Gentry returned and made like purchases. The two bottles of moonshine whiskey thus purchased were turned over to the sheriff and were introduced in evidence upon the trial.

The appellants called three witnesses from the state of Oregon who knew Cornell when he resided in that state, all of whom testified that his reputation for truth and veracity was bad. The appellants unequivocally denied having sold any liquor.

It is first contended that the trial court erred in sustaining an objection to a question propounded to Cornell on cross-examination. The question was this: "Is there a warrant for you here?" There was no offer of proof and there is nothing to indicate that if there were such a warrant the witness had knowledge thereof. If a warrant was out for the witness and he knew of that fact, and its service upon him was being

withheld until after he testified in this case, that would be a material matter as affecting his credibility.

The sheriff of Spokane county was next called as a witness and testified to the employment of Cornell and Gentry, and identified the bottles of liquor above referred to which had been turned over to him after they had been purchased. The sheriff was interrogated at length as to the salary and expenses that had been paid to Cornell and Gentry, after which he was asked by Mr. Robertson: "Q. By the way, Mr. Brower, have you received any warrant for the arrest of Mr. Cornell?" An objection was made to this question and sustained. This offer of proof was then made:

"I offer to show by this witness that there has been received a warrant for the arrest of Cornell, which is not being served while he is acting as a witness in these cases."

There was no error in sustaining the objection to the question and rejecting the offer of proof. In the first place the question and offer of proof did not relate to anything which was germane to that which the sheriff had testified to upon direct examination. There is nothing in the offer, even assuming without deciding that a fact which bears upon the credibility of a particular witness can be shown on the cross-examination of a witness other than the one whose credibility is to be affected, which would indicate that if there were such a warrant Cornell had any knowledge thereof. Clearly, if he did not have knowledge that a warrant was out for his arrest and was being held until after he testified in this case, the fact that there was such a warrant would not affect his credibility. There was no error in the rulings complained of in this connection.

It is next contended that the deputy prosecuting

attorney, in his closing argument to the jury, went outside of the testimony and appealed to the prejudice of the jurors as taxpayers by stating that the money which the state had expended in the prosecution came out of the "booze fund," to which the taxpayers did not contribute, and that the money expended by the appellants to procure the attendance of their witnesses from the state of Oregon came out of the taxes of Spokane county. The attorney for the appellants, in his argument to the jury, laid stress upon the amount of money that had been paid to Cornell and Gentry as salaries and expenses, and referred to it as "public funds" and "county's money."

The deputy prosecuting attorney, in his closing argument, in reply to this stated that the money paid Cornell and Gentry, as testified to by the sheriff, came "out of the booze fund, and the booze fund is made up, not from funds that are raised by taxation, but it comes from fines that are imposed in these liquor cases," and further stated, when referring to one of the witnesses from Oregon, that he would be paid $120 or thereabouts as witness fees and mileage which would "come out of the taxes of Spokane county." If there was any impropriety in the argument of the prosecuting attorney, it was in stating that the witness referred to would be paid $120 and this would come out of the taxes of the county when this was a fact not shown by the record, but this is not of sufficient moment to justify a reversal of the case.

The appellants cite a number of cases where the courts have held prejudicial error had been committed by the prosecuting officer in his argument to the jury. The state cites a number of cases where it has been held that the remarks of a prosecuting officer were not such as to justify a reversal. It would serve no useful purpose to review the authorities cited by the

respective parties upon this matter, because whether the remarks of the prosecuting officer in a particular case are prejudicial depends very largely upon the particular facts and circumstances of that case.

 It is next contended that the court erred in giving an instruction in which the jury were told that sales of intoxicating liquor by one of the appellants, if they found that one of the appellants did make such sales, were not binding on the other appellant unless the jury should find that such other appellant aided, participated or cooperated in conducting and maintaining the place and that such place was at the time conducted and maintained for the unlawful sale of intoxicating liquor. We see no objection to this instruction. As applied to the facts in the case now before us, the instruction was a correct statement of the law and there was no error in giving it.

The judgment will be affirmed.

MITCHELL, C. J., FULLERTON, HOLCOMB, and FRENCH, JJ., concur.