[No. 24606. Department One. June 21, 1934.]

THE STATE OF WASHINGTON, *Respondent*, v. W. W.
SPEAR, *Appellant*.[1]

*John F. Dore,* for appellant.

*Robert M. Burgunder, William J. Wilkins,* and *John D. MacGillivray,* for respondent.

TOLMAN, J.—Appellant was charged with, and convicted of, the crime of murder in the second degree. By this appeal, he seeks a review of certain instructions given and refused, and assigns error based upon the actions of the prosecutor which are thought to amount to misconduct.

[1]Reported in 33 P. (2d) 905.

58

The killing was admitted, and the whole purpose of the defense was to justify the act under the law of self-defense. Since there was evidence sufficient to take the case to the jury, we need not attempt a statement of the facts.

■ The instruction given of which complaint is first made was taken from the case of *State v. Churchill*, 52 Wash. 210, 100 Pac. 309, and purports to define the law of self-defense.

Although the exact language here used was upheld by this court in the *Churchill* case, the appellant, by isolating a certain clause, or rather certain clauses, from the context, and treating each as though it stood alone, presents a powerful argument, which, if the criticized language did stand alone, would perhaps prevail.

The language complained of is all contained in instruction numbered (6), quoted in full in the *Churchill* case, and a careful reading in the light of the present attack indicates clearly that it could well be improved. However, the particular clauses criticized are but parts of the whole, and the whole is summed up in the final words:

". . . while a person is not bound to retreat from a place where he has a right to remain and may lawfully repel a threatened assault and to that end may use force enough to repel the assailant, yet he has no right to repel a threatened assault with naked hands by the use of a deadly weapon in a deadly manner, unless he honestly believes and has reasonable grounds to believe that he is in imminent danger of death or great bodily harm."

These words correctly state the law as it has long existed in this state, and as now contended for by the appellant; and their force and clarity thoroughly overcome the preceding inconsistencies, if any there be, so that this court properly held in the *Churchill* case that

the instruction taken as a whole (as all instructions must be) correctly stated the law on the subject. See, also, *State v. Miller,* 141 Wash. 104, 250 Pac. 645; *State v. Tyree,* 143 Wash. 313, 255 Pac. 382.

The second assignment of error relates to an instruction given defining ''intent.'' It is not seriously urged that this instruction, in and of itself, was erroneous, but rather that it called attention to whatever evidence there might be regarding the nature and character of the weapon used, so that its effect was to impress upon the minds of the jury that the deceased, if attacking, was doing so only with nature's weapons. It is urged, however, that this instruction, even though good standing alone, became erroneous by the failure to give a requested instruction on motive and lack of motive. The proposed instruction on motive is negative in character, and perhaps such as might be given in a proper case, but, as it assumes an entire lack of motive on the part of the appellant, it had no place in this case. As we read the record, there was evidence in the case from which the jury might have reasonably inferred a motive, and therefore the proposed instruction was properly refused.

We have considered the instructions as a whole, and find that the jury was fully and fairly instructed, and none of the assignments with reference to instructions are well taken.

The final error assigned relates to matters thought to constitute misconduct upon the part of the attorney who represented the state in the trial below. The matters specified occurred in the cross-examination of the appellant and of some of his witnesses, and indicate an earnest, perhaps an undue, desire on the part of the prosecutor to establish from that source a belief in the minds of the jury that the appellant was

a man of quick and violent temper, and vindictive by nature. Much of the cross-examination referred to took place without any objection being interposed by appellant's able counsel, and when objections were interposed they were pretty generally sustained by the trial court. In one or two instances, the prosecutor persisted somewhat in asking questions which previous rulings had informed him were improper, but counsel did not ask the court to warn the jury not to draw improper inferences therefrom.

Intemperance on the part of attorneys in the trial of a cause is not to be approved and is always to be regretted, but in the light of all of our previous decisions covering the matter of misconduct and discussing what is prejudicial and what is not, we cannot say that what here transpired was prejudicial to the appellant. Prejudice must appear, or the situation must be such that prejudice will be presumed before we can reverse a judgment on the ground of misconduct of counsel. The record in this case as a whole does not justify either the presumption or the finding for which the appellant contends.

Finding no reversible error, the judgment is affirmed.

BEALS, C. J., HOLCOMB, BLAKE, and GERAGHTY, JJ., concur.