[No. 25867. Department Two. January 10, 1936.]

THE STATE OF WASHINGTON, *Respondent*, v. E. R.
LINDSEY *et al.*, *Appellants*.[1]

*E. R. Lindsey,* for appellants.

*Ralph E. Foley* and *C. C. Quackenbush,* for respondent.

BLAKE, J.—The defendants were charged with the crime of *attempt* to commit the crime of grand larceny "by color and aid of notes and drafts."

It appears from the evidence that the defendants E. R. Lindsey and Elbert B. Lindsey are, respectively, father and son; that the latter made three spurious drafts in the sums of $10, $50 and $85, and a spurious note in the sum of $10,200. The note purported to run to L. M. Davenport as payee. The drafts were

[1]Reported in 52 P. (2d) 1246.

drawn on L. M. Davenport and purported to have been accepted by him. The note was not endorsed.

E. R. Lindsey exhibited these instruments to one H. J. Patterson as genuine, and offered the drafts as security for a loan of $300, which he requested Patterson to make. Patterson was ready and willing to make a thirty day loan in that amount for a bonus of $100, provided, however, that Lindsey would furnish additional security for the difference between the amount of the drafts ($145) and the amount of the proposed loan ($300). No money changed hands, and it is perfectly clear, at the then stage of the negotiations, Patterson had no intention of parting with any money.

While they were discussing the matter, police officers appeared on the scene and took Lindsey into custody. Elbert B. Lindsey was arrested shortly afterward. They were brought to trial and found guilty as charged. From judgment on the verdict, they appeal.

Neither appellant took the witness stand. During his closing argument to the jury, the prosecutor said:

"If we want to send Elbert B. Lindsey to the penitentiary as his counsel has suggested, we have a much greater crime that we could have charged him with than this; one that he might have been charged with and much more easily convicted; this is just a small matter."

And again:

"So far as Elbert B. Lindsey is concerned there may be some hope that this conviction will be a lesson to him, but so far as E. R. Lindsey is concerned he is so hardened in crime that there is no hope that he will ever reform—"

In 16 C. J. 907, it is stated:

"Except where the conduct or character of accused is disclosed or put in issue by the evidence, it is error

for the prosecuting attorney to comment unfavorably on his reputation or character, to impute to him a character for violence, or, where the evidence does not justify it, to speak of him as a desperado."

This statement of the rule is supported by authorities from nearly every jurisdiction in the United States. Of cases closely analogous, we find: *State v. Clancy,* 225 Mo. 654, 125 S. W. 458, where the prosecutor referred to the defendant as a "police character;" *State v. Foley,* 12 Mo. App. 431, where the defendant was characterized as a "desperado;" *State v. Ferrone,* 97 Conn. 258, 116 Atl. 336, where the prosecutor called the defendant a "burglar."

Of our own cases, *State v. Devlin,* 145 Wash. 44, 258 Pac. 826, and *State v. Sang,* 184 Wash. 444, 51 P. (2d) 414, are much in point. In the former, it was held error to bring out the fact that defendant's picture was in the "rogues gallery." In the latter, the defendant was Chinese, and in his argument to the jury, the prosecutor said:

"You can take into consideration the Chinese traits. The Chinese are natural gamblers; no question about that."

This was held to be prejudicial error calling for reversal.

Even in an action for damages for wrongful death, this court has held that it was misconduct for counsel to refer to the character of the deceased when his general character was not in issue. *Sullivan v. Seattle Electric Co.,* 51 Wash. 71, 97 Pac. 1109, 130 Am. St. 1082.

In a case such as this, where "intent to defraud" is an essential element and is, necessarily, inferable only from the facts and circumstances surrounding the transaction, the remarks of counsel, reflecting on the character of appellants, were highly prejudicial.

In each instance, objection was interposed and request made of the court to instruct the jury to disregard the prosecutor's statements. In the second instance, the court made no response; as to the first, the court merely said: "Yes, the only offense that is to be considered is the one that is charged in this case." Conceding that the error was curable by instruction to the jury to disregard the statement, this remark of the court was inadequate to effect the cure. *State v. Clancy, supra.*

The judgment is reversed and the cause remanded, with directions to grant appellants a new trial.

BEALS, MAIN, and HOLCOMB, JJ., concur.

MILLARD, C. J. (dissenting)—I am of the view that the error was not prejudicial.