[No. 29647. Department One. November 23, 1945.]

THE STATE OF WASHINGTON, *Respondent,* v. ROLAND EARL VAN LUVEN, *Appellant.*[1]

*B. Gray Warner* (*Stanley C. Soderland* and *Leo J. Peden,* of counsel), for appellant.

*Lloyd Shorett, John J. Kennett,* and *Max R. Nicolai,* for respondent.

BEALS, C. J.—The defendant Roland Earl Van Luven and one Elmer Joseph Senkewicz, by way of information filed by the prosecuting attorney of King county, December 30,

[1]Reported in 163 P. (2d) 600.

1944, were jointly charged with the crime of robbery. The crime charged was stated in the information as follows:

"They, the said ROLAND EARL VAN LUVEN and ELMER JOSEPH SENKEWICZ, and each of them, in the County of King, State of Washington, on or about the 21st day of December, 1944, wilfully, unlawfully and feloniously, by force and violence to the person of one Robert Lee Kendrick, and against the will of said Robert Lee Kendrick, then and there did take from the person of the said Robert Lee Kendrick certain personal property, to-wit: lawful money of the United States, the property of the said Robert Lee Kendrick; . . ."

The defendant Senkewicz entered a plea of guilty, and Van Luven pleaded not guilty. Van Luven alone was put upon his trial before a jury May 7, 1945. The jury found Van Luven guilty, and after the denial of his motion for a new trial, a judgment of guilty was entered and sentence of confinement at hard labor in the penitentiary for a maximum term of not more than twenty-one years was imposed, from which the defendant has appealed.

Appellant assigns error upon the denial of his motion for a new trial, which was based upon the statutory grounds and particularly upon the ground of misconduct on the part of the deputy prosecuting attorney who conducted the trial on behalf of the state, the alleged misconduct consisting of language used by the prosecutor in his closing argument to the jury.

No question is here presented by appellant save the alleged misconduct of the prosecutor.

Briefly stated, the evidence tells the following story:

The prosecuting witness, R. L. Kendrick, having worked as a carpenter in Alaska for approximately a year, had accumulated fifteen hundred dollars in cash, which he carried on his person. He arrived in Seattle December 20, 1944, and in the course of an evening's celebration he visited a resort known as the "Checker Club," where he arrived at approximately one o'clock on the morning of December 21st. He purchased a bottle of whisky and indulged in several drinks, also carelessly displaying a roll of money of considerable size. He bought drinks for some of the bystanders, and after

approximately three hours passed at the resort, some of his new found friends suggested further entertainment and induced Kendrick to enter an automobile. The party drove several miles outside the city toward the south, the car was stopped, and Kendrick was induced to leave the car, whereupon he was knocked down and robbed, as he testified, by three or four men, who thereupon departed, leaving Kendrick on the highway with twenty dollars to aid him in returning to the city.

Kendrick then aroused the occupants of a nearby house and reported the robbery to the police. Officers visited the Checker club, where they arrested appellant and Senkewicz, and took them to the police station. Something over a hundred dollars was found in appellant's clothing, together with a ten-dollar traveler's check made out in Kendrick's favor. When taken to the police station, Kendrick identified appellant and Senkewicz as two of the men who had robbed him. Appellant denied having robbed Kendrick.

As appellant assigns no trial error, nor exceptions to any instruction, and does not contend that the verdict is not supported by the evidence, no further discussion of the evidence is necessary.

It appears that, at appellant's trial, Senkewicz was called as a witness for the state and testified against appellant. Appellant states that, after the conviction of appellant, the information as against Senkewicz was dismissed and a new information charging Senkewicz with the crime of grand larceny was filed, to which charge Senkewicz pleaded guilty and upon which judgment and sentence were entered against him. This is entirely immaterial.

Appellant took the stand as a witness on his own behalf, and admitted that prior to the date of the robbery he had known Senkewicz for approximately two months and that he had been at the Checker club on the night of December 20th.

In support of his assignments of error, appellant relies upon the well-recognized rule of law that in a criminal trial the prosecution must be fair and impartial in arguing the case to the jury, and that the argument must be confined

to the evidence and to fair and reasonable deductions to be drawn therefrom.

It is of course true that the prosecution must accept the law as expounded by the court during the course of the trial and as stated to the jury in the court's instructions.

Appellant cites the case of *People v. Bimbo,* 314 Ill. 449, 145 N. E. 651, in which the supreme court of Illinois granted a new trial because of misconduct by the prosecutor on appeal from a judgment of guilty in a criminal offense. The case is not persuasive here.

The case at bar was vigorously prosecuted, and defended with equal energy. The arguments of counsel for respondent and appellant are contained in the statement of facts, and considerable feeling was displayed by both counsel.

Appellant's argument is directed against statements made by the prosecutor during his closing argument to the jury. During this argument, appellant's counsel several times objected, and contends that he could not safely object further because to do so would have had a tendency to create in the minds of the jurors the idea that the defense was intentionally attempting to hamper or annoy the prosecutor.

As a witness on his own behalf, appellant told a story which manifestly the jury did not believe, as evidenced by their verdict of guilty. He denied all guilt on his part and attempted to prove an alibi. The jury found against him.

By leave of court, appellant's counsel took the stand as a witness on appellant's behalf, his testimony tending to discredit the witness Senkewicz, who had testified for the state as above stated.

During the argument to the jury, many incidents occurred. On one occasion the court instructed the jury to disregard a colloquy between counsel, stating, "Neither one of them is on trial here," the court's remark indicating the trend of the proceedings. On two occasions during the prosecutor's closing argument, appellant's counsel objected, the court remarking, "The jury may disregard the statement." On one of these occasions, appellant's counsel moved for a mistrial upon the ground that the prosecutor had mis-

quoted appellant's counsel, and the court, after denying the motion, made the remark last above quoted.

In the course of appellant's argument to the jury, his counsel, after discussing one phase of the evidence, said:

"Senkewicz hasn't denied that except categorically, including word for word what he told up there on the 30th. Whether it happened or whether it didn't, I don't know. I wasn't there. Neither was counsel. I think he's done well with a bad case. He wasn't there. He goes on the evidence that's brought him by the police officers. I don't think down in his heart he thinks that this is a case beyond any doubt."

Whereupon the following occurred:

"MR. KENNETT: Will you mark that remark, Miss Reporter? MR. WARNER: Usual trick that Counsel pulls before many juries, ladies and gentlemen, so I just want to point out now the psychology. See if he asks for that particular point. MR. KENNETT: Mark that place too, please. MR. WARNER: These cases shouldn't be tried on the basis of tricks."

In his closing argument, the prosecutor referred to this incident in the following language:

"Now, counsel made a statement I asked the stenographer to mark in which he turned to me and pointed at me and said, 'Counsel down in his heart doesn't believe that the defendant, Van Luven, is guilty.' Had he not said that, it would be an error for me to tell that I do believe him guilty, sincerely, personally, and with all of my heart."

Immediately after this statement the following occurred:

"MR. WARNER: If the Court please, I except to that statement inasmuch as it was not precipitated. That was a false statement of what I said. Counsel has committed a reversible error, and I ask for a mistrial. THE COURT: Motion denied. MR. WARNER: I ask the jury to be instructed to disregard the statement. THE COURT: The jury may disregard the statement."

In view of the statement by appellant's counsel in his argument above quoted, it cannot be held that the court erred in denying appellant's motion for a mistrial, or that because of this incident the court erred in denying appellant's motion for a new trial. Certainly, the prosecutor was en-

246

titled to answer the statement made by appellant's counsel, and the record discloses no reversible error in connection with this phase of the matter. *State v. Wright*, 97 Wash. 304, 166 Pac. 645.

■ Manifestly, perjury was committed upon the trial of the action. Counsel for the respective parties vigorously attacked evidence introduced by the opposing side. Charges of perjury were freely bandied about. Of course, some witnesses must have committed perjury, as the stories told were absolutely inconsistent. Opposing counsel criticized each other acrimoniously.

On this phase of the matter, the rule is well stated in 53 Am. Jur. 406, Trial, § 503, note 1, as follows:

"While it would seem that an attack by the prosecuting attorney upon counsel for the defendant has generally not been deemed sufficiently prejudicial to warrant the reversal of a conviction, it would appear, from the language of some of the cases, that circumstances might occur under which it would be so."

The record in the case at bar does not show that this case is an exception to the general rule as above stated.

A more detailed discussion of the record is unnecessary. It is sufficient to say that the interest each counsel felt in trying the case and in presenting the case to the jury resulted in statements which might well have been omitted.

In the case of *State v. Jellovich*, 156 Wash. 388, 287 Pac. 3, we said:

"The appellants cite a number of cases where the courts have held prejudicial error had been committed by the prosecuting officer in his argument to the jury. The state cites a number of cases where it has been held that the remarks of a prosecuting officer were not such as to justify a reversal. It would serve no useful purpose to review the authorities cited by the respective parties upon this matter, because whether the remarks of the prosecuting officer in a particular case are prejudicial depends very largely upon the particular facts and circumstances of that case."

In the case of *State v. Navone*, 186 Wash. 532, 58 P. (2d) 1208, is found the following:

"Misconduct is to be judged not so much by what was said

or done as by the effect which is likely to flow therefrom. What would be misconduct in one case might very well be held not to be misconduct in another. Each situation involving the question of misconduct must stand by itself and must be considered in the light of all of its facts and circumstances to the end that verdicts properly arrived at shall not be disturbed, and that those verdicts which may have been induced by prejudice, or by something beyond the issues, shall not be allowed to stand."

■ In such a situation as this, the judgment of the trial court in passing upon the motion for a new trial must be accorded great weight. In ruling upon such a motion, the trial court has a wide discretion. If that court feels that the losing party did not have a fair trial, an order granting a new trial may be entered.

Appellant cites certain of our decisions in which this court has in criminal cases directed that a new trial be granted because of misconduct of the prosecuting attorney, although the trial court denied such a motion. *State v. Heaton*, 149 Wash. 452, 271 Pac. 89; *State v. Carr*, 160 Wash. 83, 294 Pac. 1016; *State v. Tweedy*, 165 Wash. 281, 5 P. (2d) 335; *State v. Lindsey*, 185 Wash. 206, 52 P. (2d) 1246.

As we have frequently said, however, in connection with such a question as this, each case must be determined upon its own facts, and this case is not closely analogous to any of the cases last cited.

In the case at bar appellant's counsel moved for a new trial, basing his motion upon all the statutory grounds. The motion was argued, and thereafter the court entered a written order denying the motion.

On the record, it cannot be held that the trial court erred in denying appellant's motion for a new trial.

The judgment is accordingly affirmed.

MILLARD, STEINERT, SIMPSON, and MALLERY, JJ., concur.