[No. 205-40949, 206-41238-2.   Division Two.   June 8, 1970.]

THE STATE OF WASHINGTON, *Respondent*, v. JOSEPH HOWARD RAKES, *Appellant.*

*In the Matter of the Application for a Writ of Habeas Corpus of* JOSEPH HOWARD RAKES, *Petitioner*, v. WILLIAM R. CONTE, *Respondent.*

*Ray Hayes, Jr.* and *Brian M. Baker,* for appellant and petitioner (appointed counsel for appeal).

*Gilbert C. Valley, Prosecuting Attorney,* for respondent State of Washington.

*Slade Gorton, Attorney General,* and *Lee D. Rickabaugh, Assistant,* for respondent Conte.

ARMSTRONG, C. J.—Defendant appeals from a conviction of manslaughter based on a jury verdict following trial on a charge of murder in the second degree. Defendant has also filed a petition for writ of habeas corpus which is consolidated with his appeal.

It is conceded that the decedent, James E. Workman, died in the early morning hours of November 16, 1968, as a result of a .22 caliber gunshot wound inflicted by the defendant. The fatal altercation took place in the parking lot of the Pioneer Tavern in Mossyrock, Washington. The incident occurred at the tavern's closing time after a continuing disagreement between the defendant and several other tavern patrons including the decedent.

At trial, defendant unsuccessfully raised defenses of justifiable homicide and self-defense. On appeal, defendant makes three assignments of error and argues them in the aggregate.

Defendant's first assignment of error challenges the trial court's sustaining the state's motion to strike and instructing the jury to disregard the latter part of defendant's answer in the direct examination exchange set forth below:

> Q. What did you think might happen to you if he were able to get to you? A. He would tear my head off, because he had said he would and—MR. VALLEY: (interrupting) I will move the last part of the answer be stricken. THE COURT: The last part of the answer will be stricken and the jury is instructed to disregard the last part of the witness' answer.

We find no merit to this contention. The trial court properly struck the latter part of the answer as nonresponsive. Beyond that, the defendant had previously been allowed to state that the decedent had told him "I'm going to tear your God-damned head off". Further, no attempt was made to rephrase the question. There was no offer of proof to apprise the court of the evidence which was to be developed through this line of inquiry. Accordingly, this assignment of error is not susceptible of appellate review. *State v. Pierce*, 175 Wash. 523, 27 P.2d 1087 (1933); *Sutton v. Mathews*, 41 Wn.2d 64, 247 P.2d 556 (1952).

Defendant next assigns error to the giving of instruction 19 to the jury. We set forth the instruction:

> While a person is not bound to retreat from a place where he has a right to remain and may lawfully repel a threatened assault, and to that end may use force

enough to repel the assailant, yet he has no right to repel the threatened assault with naked hands by the use of a deadly weapon in a deadly manner, unless he honestly believes and has reasonable grounds to believe that he is in imminent danger of death or great bodily harm.

Defendant asserts that improper qualifications were interjected which amounted to a comment on the evidence substantially altering the clear and unequivocal language of the relevant statute, RCW 9.48.170.[1] In particular, defendant objects to the presence of the word "death" in the instruction which word is not present in the statute. Defendant argues that the language of RCW 9.48.170 justifying homicide in preventing *great personal injury* has been qualified by words of the instruction prohibiting the use of a deadly weapon except to prevent *death or great personal injury*.

■ We cannot accept defendant's contention. While instruction 19 is not a model instruction, it has been considered and approved in the cases of *State v. Spear,* 178 Wash. 57, 33 P.2d 905 (1934) and *State v. Milbradt,* 68 Wn.2d 684, 415 P.2d 2 (1966). We do not think that the language of the instruction varies from that of the statute to the extent that it constitutes error. We note that the disjunctive "or" was used which would clearly indicate that a fear of death was not a requirement. We also note that there were seven separate instructions to the jury on the defenses of justifiable homicide and self-defense. Reading these instructions together, we do not see that defendant's case was adversely affected.

Defendant's third assignment of error is the trial court's failure to give his proposed instruction 21 set forth below:

---

[1]RCW 9.48.170 provides in part: "Homicide is also justifiable when committed either—

"(1) In the lawful defense of the slayer, or his or her husband, wife, parent, child, brother or sister, or of any other person in his presence or company, when there is reasonable ground to apprehend a design on the part of the person slain to commit a felony or to do some great personal injury to the slayer or to any such person, and there is imminent danger of such design being accomplished; . . .".

If you find from the evidence that the deceased was the aggressor, and that the defendant believed, or had reason to believe, that the decedent was going to cause him great bodily harm, the defendant was not required to wait until the deceased was within striking distance of him before he was permitted to do anything which he considered necessary, and had a right to consider necessary, for the protection of his own person.

Defendant relies on the case of *State v. Adamo,* 120 Wash. 268, 207 P. 7 (1922), to support this assignment of error. *Adamo* does not support this contention. That case merely held that it was error to instruct the jury that the accused was not justified in shooting until the deceased had come "within striking distance". It is not authority that the failure to instruct to the converse is prejudicial error. Defendant's position was more than adequately covered in the many instructions given on self-defense.[2]

Defendant's pro se petition for writ of habeas corpus presents the single issue of whether he was properly found guilty of manslaughter when the information charged him with murder in the second degree. Defendant contends that he was never charged with manslaughter and that the jury was not instructed on manslaughter. He asserts that he was found not guilty of the crime with which he was charged —second-degree murder—and should be released.

---

[2]*E.g.* Instruction No. 22: "You are further instructed, Members of the Jury, that a reasonable apprehension of great bodily harm or death will excuse a defendant in using all necessary force to protect his person and, it is not necessary that there should be actual danger, provided he acted upon a reasonable apprehension of danger as it appeared to him from his standpoint at the time and, in such a case, the party acting under such real or apparent danger is in no event bound to retreat in order to avoid the necessity of harming his assailant.

"Now, if from the evidence in this case you believe that the decedent, James E. Workman, was about to, or was, making an assault upon the defendant with his naked fists, and if the defendant, acting as a reasonable man under the circumstances had reasonable grounds to believe that he was in imminent danger of great bodily harm at the hands of the said James E. Workman, and acting under such reasonable expectation of fear shot the decedent, James E. Workman, then I instruct you that it is your duty to acquit the defendant." ·

We find this contention to be patently frivolous. That manslaughter is a lesser included offense of the crime of second-degree murder is beyond question. *See Brandon v. Webb,* 23 Wn.2d 155, 160 P.2d 529 (1945); *State v. Foley,* 174 Wash. 575, 25 P.2d 565 (1933); *State v. Pepoon,* 62 Wash. 635, 114 P. 449 (1911). Statutory authority is more than ample for the jury's finding. *See* RCW 10.58.020, RCW 10.61.003 and RCW 10.61.006.

The judgment and sentence is affirmed and the petition for writ of habeas corpus is denied.

PEARSON and PETRIE, JJ., concur.