[No. 2250-1. Division One. July 8, 1974.]

THE STATE OF WASHINGTON, *Respondent,* v. ARVISTAS COLEMAN DOWNS, *Appellant.*

*Robert W. Ferguson,* for appellant (appointed counsel for appeal).

*Christopher T. Bayley, Prosecuting Attorney,* and *Roy N. Howson, Deputy,* for respondent.

FARRIS, J.—Arvistas Coleman Downs was found guilty by a jury of the crime of second-degree assault. He appeals from judgment entered on that verdict. We affirm.

The offense grew out of a "demonstration" at the central campus of the Seattle Community College. The facts were in dispute but the jury apparently believed that Downs struck a police officer with a 2- by 2-inch board and a struggle ensued before Downs was subdued. It was not disputed that several persons had a violent confrontation with uniformed Seattle police officers.

The appeal raises two questions: (1) Whether the court abused its discretion in not granting a mistrial because the prosecutor attempted to show on cross-examination that Downs had previously assaulted a police officer, and (2) whether the trial court abused its discretion in not granting a new trial on the ground that there were sufficient acts of prosecutorial misconduct to deny Downs a fair trial.

The following series of questions gave rise to the first assignment of error:

Q You testified on direct as far as your ability to remember faces that when you were involved in a fight you remembered what they looked like?
A When they hit me and hurt me and are standing there when I am hurting, I am not going to forget you. The same thing goes for you. If you hit me, and I am bleeding and hurting, and you are the man standing there, whether I know you hit me or not, I'm not going to forget you. That's why I remembered.
Q And it was your testimony on direct that you wouldn't hit somebody unless they provoked you?
A I don't never hit anybody unless I am provoked.
Q Do you recognize this gentleman sitting right here?
A No.
MR. WARD [prosecuting attorney]: Let the record reflect the gentleman I referred to was Officer Bogan.
Q Isn't it a fact, Mr. Downs, that on February 7 of 1970 Officer Bogan asked you for some I.D. while you were

down at the 1300 block and Pine and you struck him?

Defense counsel objected immediately and asked that the jury be excused. He then sought a mistrial. The court sustained the objection, recalled the jury and instructed them as follows:

Members of the jury, in your absence the Court gave serious consideration to the propriety of the question that was asked by Mr. Ward of this witness with regard to this officer. After considerable argument the Court has determined that the question should not have been asked. You will entirely disregard it and place it out of your minds.

The prosecutor thereafter inquired into the question of conviction:

Q Have you ever been convicted of a crime?
A Yes, one.
Q What crime?
A Assault.
Q What date did that occur?
A I don't know.
Q That was an assault on February 7th of 1970 against another individual, was it not?
A I don't know. I think there was quite a few individuals involved in it.
Q You were given a ten-day suspended sentence, is that correct?
A Right.

MR. WARD: Your Honor, I would offer a certified copy of the conviction.

The court sustained an objection to the admission of the certified copy of the conviction and nothing further regarding the offense was placed before the jury.

It is argued on appeal that the inference that Mr. Downs had previously assaulted a police officer was obvious from the questions and that the effect of this was so prejudicial that the trial court abused its discretion by not declaring a mistrial. We do not agree.

Except in certain narrowly defined situations, specific acts of misconduct are not admissible into evidence. *State v. Dinges*, 48 Wn.2d 152, 292 P.2d 361 (1956); *State v.*

*Goebel,* 40 Wn.2d 18, 240 P.2d 251 (1952); *State v. Messinger,* 8 Wn. App. 829, 509 P.2d 382 (1973). But here there was at least a question of whether the prosecutor's inquiry was invited and proper impeachment since Downs testified, "I don't never hit anybody unless I am provoked" and the purpose of the question was to rebut that statement. We need not resolve the issue since the trial court sustained the objection and gave a curative instruction. We recognize that in certain situations the prejudicial effect of evidence of other crimes cannot be removed by an instruction, *State v. Mack,* 80 Wn.2d 19, 490 P.2d 1303 (1971); *State v. Miles,* 73 Wn.2d 67, 436 P.2d 198 (1968), but such evidence is not *always* so prejudicial as to deny defendant a fair trial. *State v. Baker,* 4 Wn. App. 121, 480 P.2d 778 (1971). A trial judge is granted wide discretion in determining whether an error can be cured by an instruction and in determining whether to grant a mistrial. *Anderson v. Dobro,* 63 Wn.2d 923, 389 P.2d 885 (1964); *State v. Wilder,* 4 Wn. App. 850, 486 P.2d 319 (1971); *State v. Thrift,* 4 Wn. App. 192, 480 P.2d 222 (1971).

> The decision of a trial judge as to the adequacy of an instruction to disregard testimony vis-a-vis the granting of a new trial is one which is especially pervaded with a large measure of judicial discretion. The trial judge can impartially observe and appraise the impact of inadmissible testimony upon the jury. His discretionary judgment that a corrective instruction and admonition effectively cures an error should be respected by the appellate court unless the record demonstrates that beyond a reasonable doubt the refusal to grant a new trial denied the defendant a fair trial. *State v. Whetstone,* 30 Wn.2d 301, 191 P.2d 818 (1948); *State v. Van Luven,* 24 Wn.2d 241, 163 P.2d 600 (1945).

*State v. Thrift, supra* at 195-96.

We cannot conclude on the basis of the record before us that the giving of a curative instruction instead of granting a mistrial denied the defendant a fair trial.

The alleged acts of misconduct of the prosecutor are sev-

eral. Downs argues that the prosecutor committed miscon- duct by (1) stating in his closing argument:

> Ladies and gentlemen, the Seattle Police Department is on trial. At least the reputation of these officers is on trial, because in effect it is a question of whether or not they are telling the truth or they are lying to you.
>
> . . .
>
> . . . If you come back and say they are lying, they are going to have very little faith in the police depart- ment, in the courts, in the judicial system and in juries, so it is not all over just as soon as you bring back a verdict.

(No objection was made by the defense.)

(2) Arguing to the jury that:

> Now, the testimony—well, let me say this: One way to defend a criminal case is to throw up as much smoke as you can and just try to confuse everybody, and Mr. Haley [Downs' attorney] has been perhaps the best wit- ness for the defense because he has repeatedly time and time again said, "Well, I wouldn't convict," and "I am confused and I don't understand this." Well, Mr. Haley isn't a juror and Mr. Haley is not a witness. . . . If Mr. Downs' version is correct, he has one whale of a lawsuit against the Seattle Police Department.

Defense counsel interrupted with an objection and the court stated:

> Yes, that is not proper argument. The jury is in- structed to disregard that.

(3) Attempting to impeach Arthur Stevens concerning his prior conviction. (No objection was made by the de- fense.)

(4) Impeaching Downs by the showing of a specific act of misconduct as already discussed.

█ We do not commend the conduct of the prosecuting attorney. We have no doubt that the quality of the trial would have improved in the absence of his offensive ap- proach, but we cannot find that his conduct was reprehensi- ble. *See State v. Huson,* 73 Wn.2d 660, 440 P.2d 192 (1968). It precluded Downs from receiving a perfect trial but the

record satisfies us that these improprieties did not prejudice his right to a fair trial. *See State v. Green,* 71 Wn.2d 372, 428 P.2d 540 (1967).

▇ The trial court was present and heard the remarks. It is for this reason that the granting or denial of a new trial pursuant to CrR 7.6 is a matter within the sound discretion of the trial court and will not be altered on appeal unless there is a "clear abuse of discretion." *State v. Wilson,* 71 Wn.2d 895, 899, 431 P.2d 221 (1967). We cannot find from the record before us that the trial judge clearly abused his discretion in denying the motion for a new trial.

Affirmed.

SWANSON, C.J., and HOROWITZ, J., concur.

Petition for rehearing denied September 26, 1974.