374 So.2d 1128 (1979)
STATE of Florida, Appellant,
v.
Willie James WARD, Appellee.
No. MM-79.
District Court of Appeal of Florida, First District.
September 12, 1979.
*1129 Jim Smith, Atty. Gen. and Wallace E. Allbritton, Asst. Atty. Gen., for appellant.
William N. DeCarlis, Gainesville, for appellee.
PER CURIAM.
Appellee was charged with vehicular homicide resulting from a head-on collision that occurred April 17, 1978. He pled not guilty and later filed a motion to dismiss under Fla.R.Crim.P. 3.190(c)(4).
Appellee founded his motion on the deposition of a neurologist who had previously treated him for petit mal epilepsy. The neurologist, in response to a hypothetical question outlining the events leading up to the collision, stated the opinion that Ward was suffering a seizure at the time of the fatal incident.
The trial judge granted appellee's motion on the ground that there were no material disputed facts and the undisputed facts did not establish a prima facie case of guilt. Specifically, the judge stated in his order that the medical opinion  not traversed by the state  established a lack on appellee's part of the "conscious intent to drive a car in the fashion which would give rise to the wantonness required under our culpable negligence homocide [sic] Statutes ..."
We reverse, on two grounds. First, the "conscious intent" and "wantonness" the trial judge mentioned are descriptions derived from Filmon v. State, 336 So.2d 586 (Fla. 1976), which case the judge cited in his order. Filmon, however, involved Section 782.07, Florida Statutes (1975), the manslaughter statute, whereas the information in the instant case charged Ward with violation of Section 782.071, the vehicular homicide statute. The latter statute defines the offense charged here as "the killing of a human being by the operation of a motor vehicle by another in a reckless manner likely to cause the death of, or great bodily harm to, another."
The Florida Supreme Court, in an opinion rendered after the order dismissing the charges against Ward, held that the legislature created a lesser included offense to a Section 782.07 manslaughter when it created Section 782.071, and that therefore the standard of proof for vehicular homicide is less than that for manslaughter. McCreary v. State, 371 So.2d 1024 (Fla. 1979). Most important for our purposes is the court's discussion, at 1026, of the conduct required for liability under each of the statutes:
The legislature did not intend the word "reckless" used in the vehicular homicide statute to mean the same thing as the word "culpable" used in the manslaughter statute. Had the legislature intended that vehicular homicide and manslaughter be the same offense with the same standard of proof and only that there be a reduced penalty for the former, then it simply could have provided that vehicular homicide is the killing of a human being *1130 by the operation of a motor vehicle in a culpably negligent manner.
A Rule 3.190(c)(4) motion is, in effect, a motion for summary judgment. Given the holding in McCreary that vehicular homicide is a lesser included offense, and given the court's statement that "reckless" rather than "culpable" behavior is sufficient for conviction for vehicular homicide, the dismissal cannot stand. It is possible, for example, that a jury could find Ward to have been reckless for operating a vehicle even though, according to his neurologist, he had known for some time that he was subject to seizures. (In fact, the neurologist expressed surprise that Ward was still operating a motor vehicle at the time of the fatality, in light of his epilepsy.)
There is, perhaps, a more fundamental reason for reversing. It is true that the state stipulated to the neurologist's expertise. It is also true that the expert's opinion was his response to a hypothetical propounded by the state, not by Ward's counsel. And it may well be that Ward indeed was under the influence of a seizure when the collision occurred. But the neurologist's testimony was expert opinion, not conclusive evidence. A jury would not be bound to find appellee not guilty merely because of an expert's opinion; rather, it could weigh the opinion, along with other evidence presented, in determining whether the appellee had in fact suffered a seizure. Byrd v. State, 297 So.2d 22 (Fla. 1974); Trolinger v. State, 300 So.2d 310 (Fla.2d DCA 1974), cert. den. 310 So.2d 740 (Fla. 1975).
ERVIN, Acting C.J., and BOOTH and LARRY G. SMITH, JJ., concur.