[No. 4448–3–III.   Division Three.   June 29, 1982.]

THE STATE OF WASHINGTON, *Respondent,* v. PATRICK
DENNIS BEEL, *Appellant.*

438

*Lawrence Cary Smith* and *Patrick Downey,* for appellant.

*Donald C. Brockett, Prosecuting Attorney,* and *LeRoy C. Kinnie* and *Robert P. Kingsley, Deputies,* for respondent.

RoE, J.—Patrick Beel appeals his conviction of negligent homicide.

In Spokane in the early morning hours of April 17, 1980, defendant Beel turned out of a parking lot and proceeded to drive north on Sherman Street when his car nearly collided with a van which had backed out of a restaurant parking lot. Insults were exchanged between the occupants of the van and Beel, ultimately resulting in a physical altercation. Beel was assaulted and the windshield and driver's side window of his car shattered. After sitting in his car for a few moments with the horn on and lights flashing, Beel drove away. He returned to the scene within minutes and, according to witnesses, Beel made several high speed U–turns on Sherman Street where occupants of the van were spread out. At this time the victim, Robin Cole, standing in the street, was struck by Beel's vehicle and died as a result of the injuries.

The State argued that upon his return to the scene Beel drove up and down Sherman intentionally aiming his car at occupants of the van who were scattered in the street. Beel claims that after escaping the beating, he realized his dog,

which had been in the car prior to the incident, was gone. He then returned to the scene in search of the dog and was again confronted by the same individuals. Fearing for his safety, he swerved to avoid them and objects they were throwing at his car and at some point the victim was hit. Defendant claimed he did not know he had struck the victim until he returned to the scene a third time in search of his dog.

Defendant was charged with second degree murder. The jurors were instructed, over defendant's objection, they could find defendant guilty of the lesser included offense of negligent homicide.

Defendant first assigns error to the giving of instructions 11, 12, 13, 14, and 15 on negligent homicide. He contends the elements of negligent homicide are not included within the elements of second degree murder and therefore negligent homicide could not be a lesser included offense.

■ The crimes of which a person may be convicted and on which a jury is properly instructed are limited to those which are charged in the information. *State v. Foster,* 91 Wn.2d 466, 471, 589 P.2d 789 (1979); *State v. Galen,* 5 Wn. App. 353, 356, 487 P.2d 273 (1971). There are two recognized exceptions to this rule: (1) where a defendant is convicted pursuant to RCW 10.61.006 of a lesser included offense than the one charged in the information, and (2) where a defendant is convicted pursuant to RCW 10.61.003 of an offense which is a crime of an inferior degree to the one charged. *State v. Foster, supra* at 471. A lesser included offense instruction may be given where two conditions are met: (1) each of the elements of the lesser offense must be a necessary element of the offense charged, and (2) the evidence in the case must support an inference that the lesser crime was committed. *State v. Workman,* 90 Wn.2d 443, 447–48, 584 P.2d 382 (1978).

■ Here, defendant was charged with second degree felony murder (RCW 9A.32.050(1)(b)) with the underlying felony being second degree assault. RCW 9A.36.020. The elements of the crime are: (1) death of the victim; (2) sec-

ond degree assault which is a *knowing* assault with a weapon or other instrument or thing likely to produce bodily harm;[1] (3) death caused in the course of, in furtherance of, or in immediate flight from the crime of second degree assault; and (4) the victim was not a participant in the crime of second degree assault. The elements of negligent homicide by motor vehicle are: (1) death of the victim; (2) operation of a motor vehicle in a reckless manner or with disregard for the safety of others, thereby proximately causing injury to the victim. The essential difference between the two offenses is the state–of–mind element. Second degree felony murder, subsection (1)(b), as applied to these facts, requires proof of death of another caused by the defendant in the commission of second degree assault. The assault relied upon by the State to convict under second degree felony murder requires that defendant "knowingly inflict grievous bodily harm upon another." Negligent homicide requires only recklessness or criminal negligence, RCW 46.61.520.

It is well settled that:

> [T]he four mental states are ranked or related in such a way that proof of any one mental state establishes all lower mental states. Thus, where an offense requires a mental state of criminal negligence, proof of intent would also establish criminal negligence, a *sort of "lesser included" mental state.*

*State v. Jones,* 95 Wn.2d 616, 621, 628 P.2d 472 (1981), quoting Legislative Coun. Judiciary Comm., *Revised Washington Criminal Code* § 9A.08.020, Comment at 34–35 (1970); *State v. Collins,* 30 Wn. App. 1, 13–14, 632 P.2d 68 (1981); RCW 9A.08.010(2). Thus, recklessness and criminal negligence are "lesser included" states of mind of intent. *Jones* held that manslaughter in the first degree is a lesser included offense of second degree murder.

In *State v. Butler,* 11 Ohio St. 2d 23, 227 N.E.2d

---

[1]Defendant's car would have been the instrument or thing used by defendant to assault the victim. Defendant does not challenge the prosecutor's formulation of the charge as assault by motor vehicle.

627, 21 A.L.R.3d 102 (1967), relied upon by the State, the court held that creation of the new second degree manslaughter statute acted to exclude traffic violation deaths from the crime of first degree manslaughter. Ohio's second degree manslaughter is comparable to Washington's statute of negligent homicide by motor vehicle. Prior to enactment of the negligent homicide statute in 1937, those causing the death of a person through operation of an automobile were prosecuted under the manslaughter statute. *State v. Partridge*, 47 Wn.2d 640, 289 P.2d 702 (1955). In *State v. Collins*, 55 Wn.2d 469, 348 P.2d 214 (1960), the court held that where the negligent homicide statute is applicable, it supersedes the manslaughter statute. Expanding this, *State v. Pyles*, 9 Wn. App. 246, 511 P.2d 1374 (1973), held that a prosecutor must charge negligent homicide in all cases where there is substantial evidence that death occurred as a proximate result of the operation of a motor vehicle in a negligent manner, no matter what degree of negligence is involved. It is well settled that manslaughter is a lesser included offense of second degree murder, but is negligent homicide? *State v. Moore*, 61 Wn.2d 165, 377 P.2d 456 (1963); *State v. Berge*, 25 Wn. App. 433, 439, 607 P.2d 1247 (1980); *State v. Rakes*, 2 Wn. App. 833, 472 P.2d 399 (1970). Although no Washington case has so held, applying the Ohio analysis, negligent homicide *is* under the facts of this case. *See also State v. Ward*, 374 So. 2d 1128 (Fla. Dist. Ct. App. 1979) (vehicular homicide is lesser included offense of manslaughter). Since a car can be an instrument likely to produce bodily harm and negligence is a lesser included mental state of intent, it was not error to give the instructions on negligent homicide.

Next, defendant contends the State committed prejudicial error during cross examination when defendant was asked about an incident that occurred several months after the charged offense:

Q  Isn't it a fact that traffic situations trigger your quick temper?
A  Not always.

Q And make you extremely angry?

A It makes me mad.

Q And, in fact, almost the same thing that happened here, happened in August?

The trial court sustained defendant's objection to the question but denied defendant's motion for a mistrial and advised the jury to disregard the prosecutor's question. Defendant argues the question was so inflammatory and prejudicial as to deny him a fair trial. The State argues that defendant opened the door to such inquiry by his own testimony of a peaceful nature, "I would never intend to run over anyone."

Prior to the trial, defendant had made a motion in limine to exclude any evidence of the August incident. The State argued it should be allowed to introduce the incident to prove intent and absence of accident. The trial court had reserved ruling on it until the issue arose, but directed the prosecutor not to mention it until the court could then rule on it.

ER 404(a)(1) states:

(a) **Character Evidence Generally.** Evidence of a person's character or a trait of his character is not admissible for the purpose of proving that he acted in conformity therewith on a particular occasion, except:

(1) *Character of Accused.* Evidence of a pertinent trait of his character offered by an accused, or by the prosecution to rebut the same;

Except in narrowly defined situations, specific acts of misconduct are not admissible into evidence. *State v. Dinges,* 48 Wn.2d 152, 154, 292 P.2d 361 (1956); *State v. Downs,* 11 Wn. App. 572, 574, 523 P.2d 1196 (1974). However, such evidence is not *always* so prejudicial as to deny defendant a fair trial. *State v. Downs, supra.* A trial judge is granted wide discretion in determining whether an error can be cured by an instruction and in determining whether to grant a mistrial. *Anderson v. Dobro,* 63 Wn.2d 923, 928, 389 P.2d 885 (1964); *State v. Downs, supra.* In *Downs,* the defendant, charged with assault, stated on direct examination that he would not hit anyone unless provoked. On

cross examination the State inquired into a prior incident of assault. Defendant's objection was sustained and a curative instruction given to the jury. The Court of Appeals held the trial court did not abuse its discretion by denying defendant's motion for a mistrial stating at pages 576–77:

> We do not commend the conduct of the prosecuting attorney. We have no doubt that the quality of the trial would have improved in the absence of his offensive approach, but we cannot find that his conduct was reprehensible. *See State v. Huson,* 73 Wn.2d 660, 440 P.2d 192 (1968). It precluded Downs from receiving a perfect trial but the record satisfies us that these improprieties did not prejudice his right to a fair trial. *See State v. Green,* 71 Wn.2d 372, 428 P.2d 540 (1967).

Here, as in *Downs,* there was at least a question of whether the prosecutor's inquiry was invited and impeachment was proper. Since no further mention of the incident was made and the jury was instructed to disregard the question, we hold the error was not prejudicial. Jurors are presumed to have reached a verdict from the evidence the court permits them to consider, unless it is apparent from the record that they would not have reached the verdict had the inadmissible evidence been kept from their knowledge. *State v. Hayes,* 73 Wn.2d 568, 570, 439 P.2d 978 (1968). Here, the record provides a sufficient basis to support the conviction regardless of the prosecutor's comment.

Finally, defendant contends it was error to give instruction 15 on ordinary negligence which states:

> It is a defense to a charge of second degree murder or negligent homicide that the death was excusable as defined in this instruction.
>
> A death is excusable when committed by accident or misfortune in doing any lawful act by lawful means, with *ordinary caution* and without unlawful intent.

(Italics ours.) Defendant argues that use of the words "ordinary caution" in effect destroyed the emergency defense that he was attempting to flee from his assailants by whatever means available, since he could not be expected to use ordinary caution and prudent judgment in

such a situation. He further contends this shifted the burden of proof to him to prove that he was acting with ordinary caution.

Instruction 15 follows the language of WPIC 15.01 on the defense of excusable homicide. The defense was based on the Laws of 1975, 1st Ex. Sess., ch. 260, § 9A.16.030, p. 829 (RCW 9A.16.030). However, that statute was amended in 1979 as follows:

> Homicide is excusable when committed by accident or misfortune in doing any lawful act by lawful means, without criminal negligence, or without any unlawful intent.

Laws of 1979, 1st Ex. Sess., ch. 244, § 8, p. 1990 (effective July 1, 1979). The effect of the change was to eliminate the requirement of ordinary caution from the defense of excusable homicide. The State argues the inaccurate instruction was harmless error in light of the jury's verdict and the instructions defining the necessary mental state required for negligent homicide. We agree.

■■ A finding of ordinary negligence is not sufficient to support a conviction for negligent homicide. *State v. Partridge, supra* at 645. Here, the jury was so instructed along with definitions of "reckless manner" and "disregard for the safety of others". Instruction 14. Instructions 8, 13 and 16 placed the burden of proof on the State to prove beyond a reasonable doubt the crime of second degree murder or negligent homicide and the absence of excuse. Since the jury found defendant guilty of negligent homicide, it necessarily found he was criminally negligent or reckless. Thus, it follows that an essential element of excusable homicide, *i.e.,* lack of criminal negligence, was not found by the jury. If any element of the defense of excusable homicide is missing, then it is not available. *State v. Griffith,* 91 Wn.2d 572, 575, 589 P.2d 799 (1979). Error committed by incorrect instructions may be harmless where the jury verdict renders the instruction inapplicable. *See State v. Shipp,* 93 Wn.2d 510, 518, 610 P.2d 1322 (1980).

445

Thus, we hold that inclusion of the ordinary caution element in instruction 15 was harmless error.

Affirmed.

McInturff, C.J., and Green, J., concur.

Reconsideration denied August 9, 1982.

Review denied by Supreme Court November 8, 1982.