[No. 14537-1-I.   Division One.   May 6, 1985.]

THE STATE OF WASHINGTON, *Respondent,* v. JAMES P. SIVERSON, *Appellant.*

---

*Dori Jones* of *Washington Appellate Defender Association,* for appellant.

*David S. McEachran, Prosecuting Attorney,* and *Randall J. Watts, Deputy,* for respondent.

CORBETT, C.J.—James P. Siverson appeals his judgment and sentence for second degree assault. He assigns error to the court's failure to give his proposed jury instructions regarding a lesser included offense. We affirm.

While operating an automobile in Bellingham, Siverson struck and bruised the victim, his former girl friend. Siverson testified that it was an accident, and some of the witnesses also drew that conclusion. The victim and several other witnesses described the incident as intentional. Siverson was charged by information with second degree assault for knowingly assaulting the victim with an automobile in violation of RCW 9A.36.020(1)(c). The jury found Siverson guilty as charged.

Siverson offered several instructions which would have permitted the jury to find negligent driving to be a lesser included offense of second degree assault. He assigns error to the court's failure to give these instructions.

A defendant is entitled to an instruction on a lesser

included offense if two conditions are met.

1. Each of the elements of the lesser offense must be a necessary element of the offense charged.

2. The evidence in the case must support an inference that the lesser crime was committed.

*State v. Workman,* 90 Wn.2d 443, 447–48, 584 P.2d 382 (1978). The comparison of the respective statutory elements of the greater and lesser offenses has been abandoned in other jurisdictions which instead apply the somewhat different "inherent relationship" test. Under that test, a lesser included offense instruction must be given whenever the offenses

> relate to the protection of the same interests, and [are] so related that in the general nature of these crimes, though not necessarily invariably, proof of the lesser offense is necessarily presented as part of the showing of the commission of the greater offense.

(Footnote omitted.) *United States v. Johnson,* 637 F.2d 1224, 1239 (9th Cir. 1980) (quoting *United States v. Whitaker,* 447 F.2d 314, 319 (D.C. Cir. 1971)). Although the defendant argues for this test, it does not apply in Washington where the elements of the lesser offense must *invariably* be inherent in the greater offense and be part of the same act. *State v. Johnson,* 100 Wn.2d 607, 628, 674 P.2d 145 (1983).

The offense charged in this case is second degree assault which can arguably be committed in any number of ways other than by the negligent operation of a motor vehicle.[1] Therefore, "operating a motor vehicle in a negli-

---

[1] RCW 9A.36.020 states:

"Assault in the second degree. (1) Every person who, under circumstances not amounting to assault in the first degree shall be guilty of assault in the second degree when he:

"(a) With intent to injure, shall unlawfully administer to or cause to be taken by another, poison or any other destructive or noxious thing, or any drug or medicine the use of which is dangerous to life or health; or

"(b) Shall knowingly inflict grievous bodily harm upon another with or without a weapon; or

"(c) Shall knowingly assault another with a weapon or other instrument or

gent manner" is not a lesser included offense of second degree assault. Siverson relies upon *State v. Beel,* 32 Wn. App. 437, 648 P.2d 443 (1982). In *Beel,* the court held that, under the facts of that case, the crime of negligent homicide by motor vehicle was a lesser included offense of second degree felony murder with the underlying felony being second degree assault. *Beel,* at 439–40. *Beel* does not, however, discuss the issue in this case, *i.e.,* whether the negligent operation of a motor vehicle is necessarily included in second degree assault. Instead, *Beel* holds that the elements of "recklessness" and "criminal negligence" in negligent homicide are included in the element of "knowledge" in second degree assault. Such discussion of lesser included mental states does not apply to this case. The trial court did not err by refusing to instruct the jury concerning negligent driving.

Affirmed.

SWANSON and WEBSTER, JJ., concur.

Review denied by Supreme Court September 19, 1985.

thing likely to produce bodily harm; or
   "(d) Shall knowingly assault another with intent to commit a felony.
   "(2) Assault in the second degree is a class B felony."