580 So.2d 329 (1991)
David Earl WISE, Appellant,
v.
STATE of Florida, Appellee.
No. 90-1861.
District Court of Appeal of Florida, First District.
May 30, 1991.
Nancy A. Daniels, Public Defender, and Glen P. Gifford, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Edward C. Hill, Jr., Asst. Atty. Gen., and Owen G. Burnett, Certified Legal Intern, Tallahassee, for appellee.
BARFIELD, Judge.
Wise appeals his conviction and sentence for one count of aggravated assault. He contends that the trial court erred in excluding expert testimony that described the *330 effects of a seizure which he may have suffered at the time of the offense. We agree and reverse.
Wise was embroiled in an altercation in a bar when he was struck on the left side of his head in the area of his temple. The trauma to the left eye was severe enough to fracture the orbit, the bones surrounding the eye, such that the eyeball was dislodged and there was an air passage between the eye socket and nose. Wise then remembered nothing until he regained consciousness and found himself standing over the victim with his knife in the victim's chest. He immediately withdrew, ran out of the bar and vomited. Wise sought to present the expert testimony of Dr. Walker, a forensic psychiatrist, that a blow to the head can cause a seizure, including the type known as "the running fit," which "is the psychomotor, partial complex epilepsy in which people will continue to engage in what appears to be purposeful behavior but they don't know what it is that they are doing." Wise would have amnesia concerning his behavior during the seizure, although he may have had a subconscious awareness of his surroundings, and would vomit once the seizure was over. Dr. Walker opined that within a reasonable degree of medical certainty, Wise experienced this type of seizure when he was struck in the head during the brawl. Dr. Walker based this opinion on Wise's history of seizures and stated he was "confident" that Wise suffered this type of injury. The court ruled that unless Wise was planning an insanity defense, this testimony was inadmissable under Chestnut v. State, 538 So.2d 820 (Fla. 1989). In doing so the court erred.
Chestnut v. State is inapplicable because it is limited to evidence of mental deficiency or psychiatric impairment. It specifically concerns an extension of the recognized M'Naughten Rule and insanity defense: "... an accused is not criminally responsible if, at the time of the alleged crime, the defendant was by reason of mental infirmity, disease, or defect unable to understand the nature and quality of his act or its consequences or was incapable of distinguishing right from wrong." Hall v. State, 568 So.2d 882, 885 (Fla. 1990). The instant case, unlike Chestnut, involves a physical defect or condition which has as a potential result, loss of consciousness. This is a situation wholly distinguishable from one involving a diminished capacity defense. A diminished capacity defense concerns the defendant's ability to understand the wrongfulness of his acts. The instant case presents a question of the defendant's consciousness of his acts themselves, not of his understanding of their wrongful nature. Wise did not seek to prove the existence of any mental illness or psychiatric condition, but instead that a physical condition may have caused him to blackout at the time of the assault in question. Chestnut itself notes that one of the primary cases the court relied upon, Bethea v. U.S., 365 A.2d 64 (D.C.App. 1976), distinguishes between "partial or relative insanity" (i.e. diminished capacity) and "conditions such as intoxication, medication, epilepsy, infancy or senility" which are "in varying degrees, susceptible to quantification or objective demonstration, and to lay understanding." Id. at 823.
Here Wise's proffered defense does not involve mental illness, but a purely physical condition which affects his consciousness, not his mental state. As such it is comparable to a defendant in a vehicular homicide case asserting as a defense that a stroke, seizure or heart attack rendered him unconscious prior to the fatal accident. See State v. Ward, 374 So.2d 1128 (Fla. 1st DCA 1979). The inconsistencies in defendant's statements, the credibility of Dr. Walker, and the factual issue of when defendant produced his knife relative to his asserted loss of consciousness, as well as the issue of whether defendant did in fact suffer a seizure and loss of consciousness, are all questions for the jury. The exclusion of this evidence went to the heart of the defense. Its exclusion cannot be regarded as harmless error. Accordingly, we reverse and remand for a new trial.
REVERSED and REMANDED.
ZEHMER and WOLF, JJ., concur.