Ray C. BALLANTYNE, Appellant,

v.

UNITED STATES of America, Appellee.

No. 18700.

United States Court of Appeals Fifth Circuit.

Aug. 3, 1961.

Rehearing Denied Oct. 11, 1961.

See 294 F.2d 958.

Louis W. Graves, Jr. (on appeal only), Joseph Cash, Houston, Tex., for appellant.

R. F. Wheless, Jr., Asst. U. S. Atty., William B. Butler, U. S. Atty., F. L. Hartman, Asst. U. S. Atty., Houston, Tex., for appellee.

Before HUTCHESON, RIVES and WISDOM, Circuit Judges.

HUTCHESON, Circuit Judge.

Charged in an indictment in two counts with willful evasion of income taxes for the years 1953 and 1954, and convicted on both counts, defendant has appealed. Assigning many errors, including that of denying appellant's motion for judgment of acquittal for want of evidence, appellant presents as his primary claim that the court misconceived the nature of the accusation against the defendant and prevented him from making proof that monies received by him in the tax years in question were not, and were not received as, income, but were repayments of indebtedness owing to him, in short were a return of capital.

If we could agree with appellant that the record supports his claim, we would, of course, agree with him that the judgment should be reversed. The difficulty with defendant's case is that the record does not support his assumptions. Appellant did not testify, nor did he offer any convincing testimony in support of his claim that the monies he received on account of contracts were not income but were repayment of indebtedness and, therefore, a return of capital. Neither did he make proffer of any testimony which was refused by the district judge.

The claim he urges with such fervor, that he offered to make proof through his bookkeeper, Morrison, of these facts, and the district judge refused to let him do so, is not supported by the record; neither does the record support his claim that the district judge misconceived the nature of the indictment and mis-charged the jury. On the contrary, the court's instructions showed a complete and correct understanding of the nature of the offense charged and of defendant's defense to it.

The record showing is voluminous and detailed. This is a sufficient and correct summary of it as to the evasion claimed and proved. Ballantyne entered into a contract with the City of Pasadena, Texas, to furnish concrete pipe. This was done under the assumed name Beco Engineering Specialties Co. Ballantyne made arrangements to buy the pipe from Standard Concrete Pipe Company, who delivered it to the City. Ballantyne opened a bank account in the name of Beco Engineering Specialties Co., indicating to the bank that he had a partner named Orin G. Bennett, though the proof showed, indeed Ballantyne admitted that he was non-existent, and that the company name was registered in the assumed name records. Ballantyne either put the receipts into this account or endorsed the checks over to Standard to pay for the pipe. Ballantyne received the bank statements from his accountants as instructed. No record was made of the receipts. The Beco money was sometimes put by Ballantyne into his corporation, Balco, Inc. When this was done, the money was shown on the records as a liability to Beco, at Ballantyne's instruction. This continued from 1950 through 1953. No tax was ever paid by Beco, Ballantyne or Balco, Inc. on the net income. Ballantyne reported only his salary from Balco, Inc. on his tax return, which he signed. He advised his bookkeeper that he had no other income in 1953, and this was passed along to the auditors who prepared the return. In 1954, Ballantyne entered into a similar contract with the City of Pasadena as B & B Products Co. Bayou Concrete Pipe Co. furnished the pipe and was paid for it by Ballantyne, who received the one check, in the sum of $54,600, took it to the bank and cashed it,

**114**

paid for the pipe, and kept the balance, after splitting it up various ways. No record was made of the transaction and the net income was not included on Ballantyne's tax return for 1954.

■ The jury was properly instructed and it found on ample evidence that the defendant had received income in the indictment years and had willfully evaded payment of the taxes due on it, and appellant's claim, that the evidence was insufficient to take the case to the jury and that his motion for new trial should have been granted because the finding was a miscarriage of justice, finds no support in the record, notwithstanding the earnest and fervent assertions in appellant's brief to the contrary.

While these claims: (1) that it was error to deny appellant's request for a directed verdict and his motion for a new trial on the ground of lack of evidence to support the verdict against him; and (2) that the district judge, misapprehending the nature of the offense charged and of appellant's offer of proof that the monies received by him in the tax years in question, which were charged to him as received as income, were in fact received as repayment of indebtedness and a return of capital, and, therefore, were not income; were put forward by appellant and argued as his main ground; appellant did not waive or in any way abandon his many other assignments of error, but, arguing them with apparent conviction, insisted that either standing alone or, in the alternative, together, they were such error as deprived defendant of a fair trial. We cannot agree with this view.

■ The first of these assignments to be noticed is that, while the district judge, in his order on the application of the defendant for a bill of particulars, restricted the prosecution to proof of specific items of tax income in the years 1953 and 1954, nevertheless, on the theory that the evidence established a pattern of not reporting which had bearing on the question of willfulness and later evasion, he permitted the government to introduce evidence pertaining to the years 1950 through 1953 as a part of a pattern of not reporting, though the government did not prove that any offense had been committed during the prior years, and, therefore, confused a pattern of conduct with a pattern of evasion.

Insisting that this inquiry was completely irrelevant and highly prejudicial and that, since there was no proof of any tax evasion in the earlier years, the testimony was irrelevant, appellant insists that this ruling and action caused him high prejudice.

The district judge, in his charge, carefully instructed the jury that the evidence as to the earlier years was not admitted as proof of evasion in the tax years but only as bearing upon the existence of a pattern of conduct. It seems to us that it is quite clear that, whether the ruling was correct or incorrect, no prejudice resulted from it. As a matter of fact, since the government had offered the evidence as proof of a pattern of tax evasion occurring in the earlier years, its failure to show such evasion could not have prejudiced defendant but would rather have redounded to his benefit.

We take up next, to reject them, for the reasons following appellant's objections to the charge.

■ Of his first objection, to the effect that though the real charge against the defendant was not the failure to report income but willful evasion, the district judge submitted the case to the jury as one of failure to report, we find that an examination of the charge shows that it was not subject to this objection, but that, on the contrary, it carefully, precisely and correctly stated the nature of the indictment and of the proof necessary to sustain it, so that the jury could not have been misled.

Of the second objection, to the effect that the court erred in charging the jury in such a way as to lead it to believe that the failure in issue was the failure to report the sums alleged to be income rather than the felonious attempt to evade the tax, it is sufficient to say that it is impossible for the careful and detailed charge to be read as contended for by appellant, or for it to be read without a conscious feeling that the judge knew

exactly what the issue was and charged it with great care and specificity.

In the second paragraph of the charge, the court stating:

"The grand jury returned an indictment against the defendant in two counts for evasion of income taxes for the years 1953 and 1954."

went on to say that the indictment charged in substance that Ballantyne willfully and knowingly attempted to evade a part of the income tax due and owing to the United States for the tax years in question. Repeatedly thereafter the judge restated the charge in substance in the same terms, and it is impossible to find in the charge any support for this attack upon it.

It is true that the charge did refer to the fact that the defendant prepared and filed a false and fraudulent income tax return wherein the net income for the tax years was incorrectly stated. But nowhere in the charge did the judge advise the jury that the defendant was being prosecuted for the failure to file an income tax return. The whole gravamen of the charge repeated over and over in it was the defendant had been indicted for the knowing and willful evasion of income taxes for the tax years in question.

Throughout, in a most careful and meticulous way, the district judge correctly charged on defendant's presumption of innocence, and the burden of proof on the government necessary to support a conviction.

At one point in the charge, he instructed the jury:

"The proof must be based upon whether there was an evasion of a substantial amount of the tax for the tax years in question. The exact figures that are charged in the indictment are listed, but the government is not held to prove exact figures. It is whether it is substantially, and that at the time he filed this joint income tax return of himself and wife there was the sum charged or a substantial amount of said income upon which there was owing to the United States as income tax. Then it becomes your duty to find defendant guilty."

He then went on to say:

"If you do not so find and believe, or if you have a reasonable doubt thereof of the elements of the offense charged, then it equally becomes your duty to acquit the defendant and say so by your verdict."

Not content with that, the judge repeated:

"The applicable law in effect at the time and pertaining to the indictment provides substantially that any person who willfully attempts in any manner to evade or defeat any tax imposed under the law or the payment thereof, shall be guilty of a felony. Therefore, if you find that the defendant Ballantyne during the years in question willfully and knowingly attempted to evade and defeat a large portion of his income tax due and owing by him and his wife and caused to be prepared and filed with the district director a false and fraudulent income tax return on behalf of himself and wife, then it becomes your duty to find the defendant guilty."

He then charged the converse:

"If you do not so find and believe, or if you have a reasonable doubt of any of the elements of the offense charged, then it becomes your duty to acquit."

Further he told the jury:

"The word 'willfully' as used in these instructions means with a bad and evil purpose or without grounds for believing that one's act is lawful, or with a careless disregard whether one has a right to so act, and further the word 'wilful' used in these instructions also means with the knowledge of one's obligation to pay the tax due and with the intent to defraud the government of that tax."

Finally, appellant, making a massive attack on what he calls a trial by charts, charges that the trial was conducted in respect of these charts so as to give them the effect of independent government evidence. The government, invoking Holland v. United States, 348 U. S. 121, 75 S.Ct. 127, 99 L.Ed. 150, the cases it cites and those citing it, insists that the trial in this case with respect to those charts, in the light of the instructions given by the court with respect to them, was conducted in strict accord with the rulings and admonitions of the courts in such cases, and defendant was not prejudiced in respect thereto.

In the light of the whole record, including particularly the fair and able charge of the district judge, we think it must be held that the case was fairly and completely tried and without prejudicial error, and that the judgment must therefore be affirmed.

Affirmed.