Ray C. BALLANTYNE, Appellant,

v.

UNITED STATES of America, Appellee.

No. 18700.

United States Court of Appeals Fifth Circuit.

Oct. 11, 1961.

For former opinion, see 293 F.2d 112.

Joseph Cash, Louis W. Graves, Jr. (on appeal only), Houston, Tex., for appellant.

R. F. Wheless, Jr., Asst. U. S. Atty., Houston, Tex., for appellee.

Before HUTCHESON, RIVES and WISDOM, Circuit Judges.

PER CURIAM.

Counsel for appellant, in his motion for rehearing, takes vigorous exception to this paragraph in the court's opinion, 293 F.2d 112, 113:

"Appellant did not testify, nor did he offer any convincing testimony in support of his claim that the monies he received on account of contracts were not income but were repayment of indebtedness and, therefore, a return of capital. Neither did he make proffer of any testimony which was refused by the district judge."

He argues that the first sentence in effect holds that defendant was obligated to take the stand in his own defense and that the second sentence incorrectly states in effect that the district judge did not exclude any testimony offered by the defendant.

The criticized language was not so intended and, because of its apparent ambiguity, is withdrawn. In the first sentence of the withdrawn paragraph, it was intended to say:

"Appellant did not testify, nor did he offer any testimony having a tendency to support his claim, that the monies he received on account of the contracts with the City of Pasadena entered into by him, d/b/a Beco Engineering Specialties Company and as B & B Products Company, were not received by him as income but were repayments of indebtedness, and, therefore, the return of capital."

and this language is now substituted in the opinion for the language withdrawn.

In the second sentence, it was not intended to say that the district judge did not refuse to admit any testimony offered by defendant. What was intended to be said and is hereby substituted for the withdrawn sentence was:

"Neither did the district judge refuse to permit the defendant to make full proffer of evidence in support of his bill to the exclusion of testimony offered by him. As a matter of fact, while the judge correctly refused to admit the testimony which he offered, because none of it was material to or tended to prove defendant's claim that the monies received by him on and from the contracts were not income but were repayments by his debtors of their indebtedness to him and were, therefore, a return of capital, he gave defendant's counsel the greatest latitude in stating the grounds of his offer and in making full proffer of the testimony he desired and proposed to offer."

No ground for granting a hearing, however, appearing, the motion for rehearing is

Denied.