[No. 2599-2.   Division Two.   February 27, 1978.]

THE STATE OF WASHINGTON, *Respondent,* v. DENNIS BOYER, *Appellant.*

*Clifford F. Cordes III,* for appellant.

*Patrick D. Sutherland, Prosecuting Attorney,* and *Richard A. Strophy, Deputy,* for respondent.

REED, J.—Defendant Dennis Boyer, a school teacher, sold 5 pounds of LSD–laced mushrooms for $375 to Officer Nick Johnson, an undercover agent with the State Drug Control Assistance Unit. Prior to the sale, which took place by prearrangement on an isolated road in Thurston County, the officer, posing as a marijuana dealer, had discussed the sale and purchase of marijuana, cocaine and other drugs with defendant.

At his trial on a charge of delivery of a controlled substance, defendant contended he had paid $450 to a man whom he could not identify, for 15 pounds of what the man said were natural psilocybin mushrooms. The officer admitted at trial that defendant never mentioned LSD and always represented to him that the mushrooms were of the psilocybin type found growing naturally in the Grays Harbor area. Defendant also told Johnson he could not "get busted" for having possession of such mushrooms because they were not illegal. A later testing of the mushrooms, however, revealed they had been injected or impregnated with a solution of LSD.

The jury refused to accept defendant's explanation that his possession and delivery of LSD were innocent and unwitting. He appeals from his conviction and sentence, and we affirm.

The principal issue on this appeal concerns the propriety of the following jury instruction:

> If you find from the evidence beyond a reasonable doubt that the Defendant did deliver the drug described in the Information on the date set forth in the Information, in Thurston County, Washington, then I instruct

you that unless you find evidence to the contrary, the presumption arises that this delivery of said drug was wilfull and unlawful, and the burden of showing that said drug was unwittingly delivered by the Defendant is a matter of defense to be proven by evidence sufficient to raise in your mind a reasonable doubt as to the unlawfulness and wilfullness of said Defendant's delivery of said drug. Despite this presumption, the State must still sustain the burden of proving the Defendant's guilt beyond a reasonable doubt. In other words, the presumption permits, but in no way directs, the finding of unlawfulness and wilfullness, and must be considered by the jury in light of the presumption of innocence which arises upon a plea of not guilty and accompanies the accused throughout the trial until overcome by evidence which convinces the jury of the accused's guilt beyond a reasonable doubt.

Defendant first contends this instruction runs counter to the due process considerations enunciated in *Mullaney v. Wilbur,* 421 U.S. 684, 44 L. Ed. 2d 508, 95 S. Ct. 1881 (1975), because it operates to shift to the defendant the burden of disproving an element of the crime charged in the information, *i.e.,* that defendant "wilfully, unlawfully and feloniously did deliver a controlled substance." We disagree.

We note initially that RCW 69.50.401, under which defendant was charged, makes it a crime without more *to deliver* a controlled substance. By the plain terms of the statute there is no other fact that must be proved by the State before guilt is made out. *Contra, State v. Smith,* 17 Wn. App. 231, 562 P.2d 659 (1977).[1] *Mullaney v. Wilbur,*

---

[1]RCW 69.50.401(a) reads as follows:

"Except as authorized by this chapter, it is unlawful for any person to manufacture, deliver, or possess with intent to manufacture or deliver, a controlled substance."

We respectfully disagree with the holding of *State v. Smith,* 17 Wn. App. 231, 562 P.2d 659 (1977), that the statute requires proof of an *intent* to deliver when the charge is delivery. Clearly, the words "with intent to manufacture, or deliver" refer to and modify the word "possess." In other words, the statute makes it unlawful to do any one of three things, (1) manufacture a controlled substance, (2) deliver a controlled substance, or (3) possess a controlled substance with

*supra,* condemns only those instructions which relieve the State of its burden of proving beyond a reasonable doubt every fact necessary to constitute the crime charged and place upon the defendant the burden of disproving the existence of any such fact. *Patterson v. New York,* 432 U.S. 197, 53 L. Ed. 2d 281, 97 S. Ct. 2319 (1977). Defendant argues, however, that in order to sustain a conviction under the statute the State must also prove, as it undertook to do in the information and under the court's other instructions,[2] that defendant acted "wilfully," *i.e.,* with scienter or guilty knowledge, because trafficking in drugs, as opposed to merely possessing them, involves moral turpitude and is malum in se rather than malum prohibitum. *State v. Thrift,* 4 Wn. App. 192, 480 P.2d 222 (1971); *State v. Hennings,* 3 Wn. App. 483, 475 P.2d 926 (1970).

██ Assuming arguendo that due process under the Fifth and Fourteenth Amendments renders invalid an instruction which shifts to a criminal defendant the burden of persuasion on a common-law element of a crime, as distinguished from a statutory element, the questioned instruction here did not have that result. The instruction did not relieve the

---

intent to manufacture or deliver it. In addition, RCW 69.50.401(c) makes it criminal to possess a controlled substance without anything further, and (d) makes it a misdemeanor to possess 40 grams or less of marijuana.

[2]The court's instruction No. 8, on the elements needed to convict, reads as follows:

"In order to convict the defendant, DENNIS ALAN BOYER, of the crime of Unlawful Delivery of a Controlled Substance, as charged in the Information, the State of Washington must prove beyond a reasonable doubt each and every one of the following elements:

"1. That Dennis Alan Boyer did deliver to another a controlled substance, to-wit: Lysergic Acid Diethylamide, or commonly known as "LSD."

"2. That said acts were done willfully, unlawfully and feloniously.

"3. That said acts occurred on or about the 23rd day of September, 1975, in Thurston County, State of Washington.

"If, after weighing all the evidence, you have a reasonable doubt as to any of the foregoing elements, then it is your duty to return a verdict of Not Guilty. On the other hand, if you find that each and every one of the foregoing elements has been proven beyond a reasonable doubt, then it is your duty to return a verdict of Guilty."

State of its burden of proving "willfullness"; on the contrary, by its very terms, the instruction placed a continuing burden upon the State to prove that defendant acted willfully. In fact, the purpose of the instruction was to aid the State in carrying that very burden. The instruction reminded the jury of the presumption of innocence which the State must overcome, and that the State at all times retains the burden of proving all of the elements of the crime beyond a reasonable doubt. The instruction did not place any burden of persuasion on the defendant on the issue of scienter; nor did it tell the jury that if defendant offered no evidence to refute the presumption, that the jury was bound to accept it. On the contrary, the jury was told it was free to disregard the presumption and the inferences to be drawn from it, and to acquit if not satisfied of defendant's guilt beyond a reasonable doubt. *State v. Person,* 56 Wn.2d 283, 352 P.2d 189, 81 A.L.R.2d 1088 (1960); *State v. Odom,* 83 Wn.2d 541, 520 P.2d 152 (1974).

In *State v. Roberts,* 88 Wn.2d 337, 562 P.2d 1259 (1977), our Supreme Court recognizes the continued validity of presumptions in the criminal law when it states at page 341:

> *Mullaney,* standing alone, does not render unconstitutional all such presumptions in the criminal law. It permits the use of an otherwise valid presumption, so long as the ultimate burden of persuasion as to the issue remains with the prosecution and the defendant is at most only required to produce some evidence, from whatever source, in opposition to it.

As we have demonstrated, the challenged instruction did not shift the burden of persuasion on a necessary element of the crime charged and thus deprive Boyer of due process under the rationale of *Mullaney.*

Defendant next asserts, however, that under *Roberts,* the presumption of willfulness or scienter cannot constitutionally be presumed from the mere fact of delivery of a controlled substance such as LSD. Again, we do not agree.

In *Roberts,* our Supreme Court discusses the criteria which must be satisfied before a presumption which aids the State in establishing an element of a crime will pass constitutional muster on due process grounds. Those criteria are as follows:

> First, while a presumption may still be employed for the purpose of shifting the initial burden of producing evidence with regard to an element of the crime charged, it may not operate so as to alter the ultimate burden of persuasion by proof beyond a reasonable doubt. This burden must, at all times, remain with the prosecution. *Mullaney v. Wilbur,* 421 U.S. 684, 44 L. Ed. 2d 508, 95 S. Ct. 1881 (1975); *State v. Kroll,* 87 Wn.2d 829, 558 P.2d 173 (1976).
>
> Second, the State must establish that a presumption which it seeks to employ for the limited purpose permissible under *Mullaney* meets the test established by this court in *State v. Odom,* 83 Wn.2d 541, 520 P.2d 152 (1974) and *State v. Alcantara,* 87 Wn.2d 393, 552 P.2d 1049 (1976). We there held a presumption may only be used to establish an element of a criminal offense when it is established that the fact presumed follows from the facts proven in support thereof beyond a reasonable doubt. *See Turner v. United States,* 396 U.S. 398, 24 L. Ed. 2d 610, 90 S. Ct. 642 (1970); *Barnes v. United States,* 412 U.S. 837, 37 L. Ed. 2d 380, 93 S. Ct. 2357 (1973).
>
> Finally, the instruction presenting a presumption to the jury which is valid under the two previous tests must adequately explain the operation of the presumption in accordance with the standards set forth in *State v. Person,* 56 Wn.2d 283, 352 P.2d 189, 81 A.L.R.2d 1088 (1960) and reaffirmed in *State v. Odom, supra.*

*State v. Roberts, supra* at 340–41.

■ We have demonstrated how the presumption in this case meets the first and third tests enumerated in *Roberts,* and we will now consider it in light of the second requirement. In the case before us, the undisputed facts are (1) that defendant, intending to profit thereby, sold and delivered to a purported dealer in drugs, a quantity of mushrooms which, even if defendant's story be believed, contained psilocybin, a controlled substance under RCW

69.50.204, Schedule I, (d)(15); (2) the mushrooms in fact contained a solution of LSD. Based upon these given facts, the jury was told to presume that defendant knew the mushrooms contained LSD and that he intended to deliver that substance, *i.e.,* that he acted "willfully."[3] In determining whether a presumed element of a crime follows beyond reasonable doubt from the proven facts, it is permissible to consider "present–day experience," *Barnes v. United States,* 412 U.S. 837, 845, 37 L. Ed. 2d 380, 93 S. Ct. 2357 (1973), or "common experience, as well as empirical data and evidence which establishes a factual basis for the presumption." *State v. Roberts, supra* at 343; *State v. Alcantara,* 87 Wn.2d 393, 552 P.2d 1049 (1976).

As was the case in *Roberts* and *Alcantara,* we have no such empirical data or evidence before us, but our common or present day experience tells us that few, if any, ordinary citizens of this state, or of the country for that matter, ever come into actual possession of illegal drugs and narcotics without intending to do so, or at least without knowing it. Even more rare must be the occasion when such a citizen delivers or sells such contraband to others. Common knowledge and experience tell us that such substances are dealt with in a secret and clandestine manner; it is also a well–known fact that drugs and narcotics bring high prices because they are illegal and have their source in the criminal underground. We therefore conclude there is little likelihood of one's coming into possession of such substances in an innocent or accidental manner, putting aside for the moment cases of constructive possession such as those which arise when drugs are found on premises over which a defendant has dominion and control.

■ We should note we are dealing here with a common–law presumption or inference as opposed to a statutory

---

[3]The court's instruction No. 9 defined "wilfully" as follows:

"As used in the Information in said cause and in these instructions, 'wilfully', means intentionally and purposely, but not accidentally, the words 'unlawfully and feloniously' mean without and beyond the authority of law."

presumption or inference.[4] The distinction is an important one because, as stated in *Barnes v. United States, supra* at 845 n.8:

> Common–law inferences, however, present fewer constitutional problems. Such inferences are invoked only in the discretion of the trial judge. While statutes creating criminal law inferences may be interpreted also to preserve the trial court's traditional discretion in determining whether there is sufficient evidence to go to the jury and in charging the jury, . . . such discretion is inherent in the use of common law inferences.

(Citations omitted.) We interpret this as meaning that the trial judge is required to consider the quantity and quality of the evidence presented by the State and, in the exercise of his sound discretion, determine whether the presumed fact necessarily follows from what has been proven. Only when he is so satisfied will the jury be instructed on the existence and effect of the presumption. We recognize there may be cases when the mere physical delivery of a controlled substance or of an item containing a controlled substance will not stand this judicial scrutiny. However, we believe our state trial judges will likewise recognize such cases and, in the exercise of their sound discretion, will elect in those cases not to give the prosecution the benefit of a presumption in favor of a finding of "willfullness."

The instant case clearly does not fall into that category, however. Defendant professed to be a sophisticate in the drug culture; he discussed with Officer Johnson the possible delivery of marijuana, cocaine and LSD; he believed Officer Johnson was a professional drug dealer, after having satisfied himself the officer was not a "narc"; he claimed not to know the identity of the person who sold him 15 pounds of

---

[4]*State v. Morris,* 70 Wn.2d 27, 422 P.2d 27 (1966) appears to hold the presumption in question is statutory and stems from former RCW 69.33.390, now RCW 69.50.506. We believe, however, that the statutes referred to speak only to exceptions and exemptions found within the body of the act of which they are a part, *e.g.,* those sections dealing with lawful dispensation and prescription, RCW 69.50.308 and RCW 69.50.403. Thus, we have held the presumption of "willfullness," to which a defense of "unwitting" may be asserted, is a common–law presumption and not a statutory presumption.

"legal" mushrooms for approximately $500; he dealt covertly with the officer and made delivery on a dark rural road.

These actions are hardly consistent with defendant's explanation that he believed he was dealing merely in "legal mushrooms." Rather, our common experience compels us to the conclusion that defendant knew his mushrooms contained LSD and this is what he intended to sell to Officer Johnson. The evidence before the trial judge thus satisfied the reasonable doubt standard of *Odom,* approved in *Alcantara,* and more recently restated in *Roberts.* In other words, we find the evidence in this case is sufficient for a rational juror to find the inferred fact of "willfullness" beyond a reasonable doubt. *Barnes v. United States, supra* at 843. Stated another way, the evidence satisfies the requirement that "the inference authorized, standing alone, possess such potency that a jury could prudently accept it as proof of guilt to a moral certainty." *United States v. Johnson,* 433 F.2d 1160, 1168 (D.C. Cir. 1970).

Defendant next contends the trial court erred by permitting the State to exceed the scope of defendant's direct examination when he was asked about his knowledge of the manufacture and use of LSD. The testimony was elicited because defendant testified on direct examination that he did not introduce LSD into the mushrooms and had no idea how it got there. This was the gist or substance of his defense and it was therefore proper to allow him to be questioned about his acquaintanceship with LSD. *State v. Riconosciuto,* 12 Wn. App. 350, 529 P.2d 1134 (1974). We find no abuse of the trial judge's discretion in permitting the State this latitude of cross–examination. *State v. J–R Distribs., Inc.,* 82 Wn.2d 584, 512 P.2d 1049 (1973), *cert. denied,* 418 U.S. 949, 41 L. Ed. 2d 1166, 94 S. Ct. 3217 (1974).

Finally, defendant claims it was error to let Officer Johnson testify on redirect that he had telephoned defendant because "I had received information that the subject [defendant] had a gram of heroin." There is no

merit in this contention because the subject matter was opened by defendant in his cross–examination. *State v. Gefeller*, 76 Wn.2d 449, 458 P.2d 17 (1969). Defendant asked the officer the purpose of his call and was told that it was to inquire about obtaining particular drugs. The State thus had the right to develop the true purpose for the call. *State v. Gefeller, supra.* Nor, as defendant contends, did reception of the officer's statement violate the prohibition against injecting evidence of other offenses or misconduct. The statement was not offered to prove defendant had heroin in fact, but merely to show the officer's state of mind, *i.e.*, his purpose in calling the defendant. The trial court instructed the jury it was to give the testimony only this limited effect. The testimony was properly received.

Judgment affirmed.

PEARSON, C.J., and PETRIE, J., concur.

Reconsideration denied March 15, 1978.

Review granted by Supreme Court June 16, 1978.