[No. 2953-2.   Division Two.   August 10, 1978.]

THE STATE OF WASHINGTON, *Appellant,* v. NICHOLAS L. TUSS, *Respondent.*

*C. Danny Clem, Prosecuting Attorney,* and *Richard L. Peterson, Deputy,* for appellant.

*Jill A. Salmi,* for respondent.

PEARSON, C.J.—The State appeals from an order granting a new trial to the defendant, Nicholas L. Tuss, who was convicted by a Kitsap County jury of delivery of a controlled substance (marijuana), a felony pursuant to RCW 69.50.401(a). The sole issue on appeal is whether the trial court abused its discretion in granting a new trial because of a defective jury instruction to which no exception was taken.

The reason for granting the new trial was that the elements instruction given to the jury excluded the element of intent.[1] The trial court concluded that the holding in *State*

---

[1]The jury was instructed that in order to convict the defendant the jury must find

*v. Smith,* 17 Wn. App. 231, 562 P.2d 659 (1977), was controlling and the failure to instruct on the issue created a manifest injustice. The court further concluded that even though defendant had not preserved the error by proposing a proper instruction or taking a proper exception to the one given, a reversal was required because the error was of constitutional magnitude. We affirm.

The State argues that RCW 69.50.401(a) does not require intent as an element of the crime of delivery of a controlled substance. *State v. Boyer,* 19 Wn. App. 338, 576 P.2d 902 (1978).

■ We note an apparent conflict between the decision rendered by a panel of Division One in *State v. Smith, supra,* and the holding of Division Two in *State v. Boyer, supra.* The conflict concerns interpretation of RCW 69.50.401(a). In *State v. Smith, supra,* the court interprets that statute as containing intent as a statutory element of the crime of delivery of a controlled substance. We disagreed with that interpretation in *State v. Boyer, supra,* and we adhere to our opinion that the statute on its face expressly does not require intent as a specific element of the crime of *delivery* of a controlled substance.

However, we recognized in *State v. Boyer, supra,* that general intent expressed in terms of willfulness, guilty knowledge, or scienter is a required element where the crime involves moral turpitude and is malum in se, rather than malum prohibitum. We further recognized that delivery of a controlled substance does involve moral turpitude and is malum in se, rather than malum prohibitum. *State v. Thrift,* 4 Wn. App. 192, 480 P.2d 222 (1971); *State v. Hennings,* 3 Wn. App. 483, 475 P.2d 926 (1970).

Consequently, the results of *State v. Smith, supra,* and *State v. Boyer, supra,* are consistent despite different interpretations of the express language in RCW 69.50-.401(a). It follows that the trial court was correct in ruling

"(1) That on or about the 8th day of October, 1976, the defendant delivered a controlled substance, to-wit: Marijuana, to Dennis Lindsey.

"(2) That the act occurred in Kitsap County, Washington."

that the elements instruction omitted an essential element of the crime.

The State argues that the failure of trial counsel to call the omission to the attention of the trial court forecloses our consideration of the issue on appeal. CrR 6.15(c). We agree the rule is that absent a defect which invades a constitutional right of the accused or otherwise creates a manifest injustice, an instructional defect must be brought to the attention of the trial court or it may not be raised on appeal. *State v. McHenry,* 88 Wn.2d 211, 558 P.2d 188 (1977); *State v. Robinson,* 78 Wn.2d 479, 475 P.2d 560 (1970); *State v. Louie,* 68 Wn.2d 304, 413 P.2d 7 (1966).

The trial court did apply that rule in granting defendant's motion for new trial, and the only appellate issue is whether that application constituted an abuse of discretion. In a well reasoned memorandum opinion, the court stated that the defect in the instruction was prejudicial and created "an obvious and manifest injustice—so obvious, in fact, that it need not be further discussed."

A strong showing of abuse of discretion is required to set aside an order granting a new trial. *State v. Marks,* 71 Wn.2d 295, 427 P.2d 1008 (1967). For the reasons stated below, we find no such abuse of discretion.

The State's primary theory of criminal liability was that defendant had aided and abetted a drug transaction between a drug dealer and police undercover agents. The defense was that defendant did no more than place the undercover agents in touch with the dealer and at most was an agent for them.

In establishing guilt as an aider and abettor, the State was required to show that the defendant shared in the criminal intent of the drug dealer and participated in the venture. *State v. Boast,* 87 Wn.2d 447, 553 P.2d 1322 (1976).

The nature of the defense to the aiding and abetting theory placed in issue the question of whether defendant shared the criminal intent of the drug dealer. Thus defendant's general intent as well as the extent of his participation

in the crime were disputed and directly in issue. The omission of the scienter element deprived defendant of his constitutional right of trial by jury on all disputed issues in the case. We are unable to conclude that an abuse of judicial discretion occurred in the order granting the new trial.

Affirmed.

PETRIE and SOULE, JJ., concur.

Reconsideration denied August 30, 1978.

Review denied by Supreme Court January 19, 1979.