[No. 5877-1. Division One. May 14, 1979.]

THE STATE OF WASHINGTON, *Respondent,* v. LEONARD LEE CARTER, *Appellant.*

*Morris H. Rosenberg,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *J. Robin Hunt, Deputy,* for respondent.

JAMES, J.—Leonard Lee Carter appeals from a conviction of first–degree theft at a jury trial. At trial, the only issue was the identity of the thief. The State offered no eyewitness identification. Carter challenges the admissibility of three out–of–court statements which tended to identify him as the thief. We affirm.

The theft occurred in the afternoon on a downtown Seattle street when a tall, young black man bumped into the victim and removed a wallet from her purse. Officer Japar of the Seattle Police Department was driving nearby at this time and heard a woman's scream. Looking in the direction of the scream, he observed one person moving faster than all others on the sidewalk. The officer followed this man, lost him temporarily, located him again and

watched him place a black, shiny object into a waste receptacle while standing near two other black men. He arrested the suspect, subsequently identified as Carter, and removed the victim's black, shiny wallet from the waste receptacle. The other two black men fled the scene.

Carter first challenges the victim's testimony that a man told her, "They got him," shortly after she had lost sight of the thief. Although the trial judge admitted the testimony only for the purpose of determining the victim's state of mind, the testimony did not logically tend to identify Carter as the thief—the only issue in dispute. It only tended to show that someone had been arrested. Any error was harmless.

The second statement challenged by Carter is Officer Japar's testimony that while he was observing Carter moving rapidly on the sidewalk, a man approached him, pointed at Carter and stated that he had just taken the victim's purse. A cautionary instruction was given that the testimony was only to be used to determine its effect on Officer Japar's state of mind.

■ Officer Japar's state of mind and the legality of Carter's arrest were not in issue. Although not argued to the trial judge, the testimony was admissible under the res gestae exception to the hearsay rule. *Beck v. Dye,* 200 Wash. 1, 92 P.2d 1113, 127 A.L.R. 1022 (1939); *State v. McGee,* 6 Wn. App. 668, 495 P.2d 670 (1972). Since the jury could have been allowed to consider the evidence for the truth of the matter asserted, Carter cannot complain that it was admitted only for a more limited purpose.

■ Admission of the officer's testimony did not violate Carter's right to confront and cross-examine witnesses against him. That right is not absolute. *Chambers v. Mississippi,* 410 U.S. 284, 35 L. Ed. 2d 297, 93 S. Ct. 1038 (1973). The admission of hearsay evidence does not violate a defendant's right of confrontation if the out-of-court declaration is reliable and the out-of-court declarant is unavailable. *State v. Boast,* 87 Wn.2d 447, 553 P.2d 1322 (1976). Whether the confrontation right has been denied

turns upon all the circumstances of the case. *State v. Boast, supra.* We conclude there was no such denial here. The spontaneous nature of the declaration guarantees its reliability. The officer's necessity in pursuing the suspect justifies the State's inability to produce the bystander.

The third statement to which Carter objects was made on cross–examination when a police detective was asked to explain why there had been no fingerprint analysis of the stolen wallet. He testified that no fingerprints had been taken because there was ample evidence against Carter, a conclusion which he based in part on unspecified statements from the victim and a bystander.

The detective had been called as a defense witness. Carter opened the fingerprint issue and the State was entitled to bring out why the wallet had not been checked for fingerprints. *State v. Gefeller,* 76 Wn.2d 449, 458 P.2d 17 (1969). The trial judge properly admitted the testimony, subject to a cautionary instruction that the jury was only to use it to explain the detective's actions. *State v. Boyer,* 19 Wn. App. 338, 576 P.2d 902 (1978), *aff'd,* 91 Wn.2d 342, 588 P.2d 1151 (1979).

■ Carter's contention that his right of confrontation was violated is without merit. That right does not apply to out–of–court statements used for nonhearsay purposes. *Dutton v. Evans,* 400 U.S. 74, 27 L. Ed. 2d 213, 91 S. Ct. 210 (1970).

■ Carter last argues that the trial judge erred in admitting the testimony concerning the three out–of–court statements in question because their prejudicial effect outweighed their probative value. An objection that relevant evidence should be excluded because its prejudicial character outweighs its probative effect necessarily requires the exercise of the trial judge's discretion. Nothing in this case indicates an abuse of discretion.

Affirmed.

Williams and Andersen, JJ., concur.

Reconsideration denied June 26, 1979.

Review denied by Supreme Court November 9, 1979.