[No. 11376–3–I.   Division One.   April 4, 1983.]

THE STATE OF WASHINGTON, *Respondent,* v. LESLIE
RIGGINS, *Appellant.*

*Paris K. Kallas* of *Washington Appellate Defender
Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Thomas
Cherry, Deputy,* for respondent.

SCHOLFIELD, J.—Leslie Riggins appeals from a conviction for delivery of a controlled substance.[1] We affirm.

On May 14, 1981, Detective Earl Tripp of the King County Drug Enforcement Unit received a telephone call from Riggins on the "undercover phone" located in Tripp's office. Riggins believed he was talking to a person interested in buying drugs and did not know he was talking to a police officer. A meeting was arranged, and the two met within view of surveillance officers near 14th and Pine in Seattle. Tripp agreed to buy 1 ounce of heroin for $2,000. At a later meeting, Tripp learned that delivery was to be made near Lake Washington. Tripp and Riggins drove to the delivery point, where Riggins engaged in a conversation with another person out of Tripp's hearing. Tripp observed what appeared to be an exchange between the two men. Riggins then handed Tripp a baggie containing a light brown powder which he acknowledged was good heroin. Tripp then signaled the officers in the surveillance van, who came forward and arrested Riggins.

The State's evidence at trial consisted of the baggie of brown heroin, the testimony of Detectives Tripp and Wright, one of the surveillance officers, and of Lynn McIntyre, criminalist for the Western Washington State Crime Laboratory, who identified the powder in the baggie as 24.8 grams of heroin.

Riggins did not testify in his own defense and presented no evidence at trial. His counsel requested no instructions and took no exceptions to any of the instructions given by the trial court.

Riggins personally addressed the trial judge in an effort to persuade him to subpoena some witnesses for the defense. Although this dialog was rather extensive, Riggins never suggested that he did not know the baggie contained

---

[1] RCW 69.50.401(a) states:

"Except as authorized by this chapter, it is unlawful for any person to manufacture, deliver, or possess with intent to manufacture or deliver, a controlled substance."

heroin. He did say that he was innocent, that he did not deal in dope, and that he had met Officer Tripp to learn from him who was responsible for his sister's death rather than to deliver drugs.

Riggins assigns error only to the giving of instruction 3, which stated:

> To convict the defendant Leslie Riggins of the crime of violation of the Uniform Controlled Substances Act (delivery of a controlled substance), as charged in Count I, each of the following elements of the crime must be proved beyond a reasonable doubt:
>
> (1) That on or about the 14th day of May 1981, the defendant unlawfully delivered a controlled substance; and
>
> (2) That the acts occurred in King County, Washington.
>
> If you find from the evidence that each of these elements has been proved beyond a reasonable doubt, then it will be your duty to return a verdict of guilty.
>
> On the other hand, if, after weighing all the evidence, you have a reasonable doubt as to any one of these elements, then it will be your duty to return a verdict of not guilty.

Riggins contends this instruction omitted the essential element of "guilty knowledge," requiring a reversal of his conviction.

▪ To sustain a conviction, the due process clause requires proof beyond a reasonable doubt of every element necessary to constitute the crime with which a defendant is charged. *In re Winship*, 397 U.S. 358, 25 L. Ed. 2d 368, 90 S. Ct. 1068 (1970). Riggins correctly contends that guilty knowledge is a required element of the offense of delivery of a controlled substance. *State v. Boyer*, 91 Wn.2d 342, 588 P.2d 1151 (1979). *Cf. State v. Cleppe*, 96 Wn.2d 373, 635 P.2d 435 (1981) (guilty knowledge not an element of illegal possession). WPIC 50.06(2), in its suggested instruction on this offense, includes as an element, "[t]hat the defendant knew it was a controlled substance". Instruction 3 makes no reference to the State's burden to prove beyond a reasonable doubt that the defendant had guilty knowl-

edge, which in this case would amount to knowledge that the baggie contained a controlled substance. The instruction was, therefore, clearly erroneous.

As a general rule, instructional defects must be brought to the attention of the trial court or they cannot be raised on appeal. However, when a defect in the court's instructions to the jury invades a constitutional right or creates a manifest injustice, the error will be considered even if raised for the first time on appeal. *State v. Peterson,* 73 Wn.2d 303, 438 P.2d 183 (1968); *State v. McHenry,* 88 Wn.2d 211, 558 P.2d 188 (1977). Where the element of guilty knowledge is a disputed issue in the case, failing to instruct the jury that the State must prove guilty knowledge beyond a reasonable doubt denies the defendant a fair trial. *State v. Tuss,* 21 Wn. App. 80, 584 P.2d 421 (1978).

Once the reviewing court is satisfied that the error is of constitutional dimension, the remaining issue is whether the error is prejudicial or harmless.

A harmless error is an error which is trivial, or formal, or merely academic, and was not prejudicial to the substantial rights of the party assigning it, and in no way affected the final outcome of the case. . . .

. . .

A prejudicial error is an error which affected the final result of the case and was prejudicial to a substantial right of the party assigning it.

*State v. Britton,* 27 Wn.2d 336, 341, 178 P.2d 341 (1947). *State v. Golladay,* 78 Wn.2d 121, 470 P.2d 191 (1970); *State v. Wanrow,* 88 Wn.2d 221, 559 P.2d 548 (1977). When the record discloses an error in an instruction given on behalf of the party in whose favor the verdict was returned, the error is presumed to have been prejudicial and to furnish ground for reversal "unless it affirmatively appears that it was harmless." *State v. Wanrow, supra* at 237 (quoting *State v. Golladay, supra* at 139).

In a concurrence to *State v. Evans,* 96 Wn.2d 1, 6, 633

P.2d 83 (1981), Justice Brachtenbach identified "two distinct and vastly different tests to determine whether [a] constitutional violation is harmless." The "'contribution'" test considers whether the error contributed to the fact finder's determination of guilt. The "'overwhelming untainted evidence'" test considers whether the evidence untainted by the error is so overwhelming it necessarily leads to a finding of guilt.

In *State v. Evans,* evidence of the defendant's post–arrest silence after *Miranda* warnings were given was introduced. An objection to the evidence was sustained and the jury was instructed to disregard it. Our Supreme Court acknowledged that the testimony was clearly inadmissible but concluded that the error was harmless, applying an "overwhelming untainted evidence" test:

> A thorough review of the record in the instant case reveals that there was overwhelming evidence supporting the jury's verdict. As such, we find that the error was harmless beyond a reasonable doubt.

*State v. Evans, supra* at 5.

We are satisfied that, under either the "contribution" or "overwhelming untainted evidence" test, the error was harmless beyond a reasonable doubt because the element of "guilty knowledge" was never an issue in this case. The only evidence was presented by the State. The jury could have acquitted Riggins only by disbelieving the testimony of the police officers and the criminalist. The guilty verdict shows that the jury believed the testimony of Officer Tripp that Riggins agreed to produce heroin and told Tripp it was heroin when he delivered the package to him. The evidence is undisputed that the substance was heroin. Given the evidence presented, a jury's finding of guilty knowledge was a certainty. Failure to include the element of guilty knowledge in the to convict instruction did not affect the outcome of this case.

468

Affirmed.

CALLOW and CORBETT, JJ., concur.

Review by Supreme Court pending November 21, 1983.